Tilghman C. J.
There are four exceptions to the pro-, ceedings in this case.
1st. “That the justices had no jurisdiction in case of a “ man’s desertion of a wife who had no children.” There is no ground for this exception. If a husband deserts his wife, and leaves her a charge on the public, she must not starve. So far as her personal support is concerned, it is immaterial whether she has children or not. And so are the expressions of the act of assembly. It speaks of wife or children, throughout.
2d. “ Peter Smith had no notice of the proceedings pre- « vious to the seizing of his property.” The act does not requirethat he should have notice. Nay, it supposes that in many cases the husband may have gone off, and .therefore *365 cannot receive notice. It is a summary proceeding in a case-of necessity. But if íhé party has not .gone off, he may have a hearing before'he is deprived of his property. ' The warrant of seizure is. returnable to the next Court of Quarter Sessions, and the proceedings must be confirmed by that Court before the property can be sold.
3d. “ P-. Smith- wag not bouhd over to the Quarter Ses- “ sions, nor was process issued to bring him in.” It is not-necessary that there should be a binding over, -or issuing of process, although it may be done, if, on complaint made to a magistrate, he'thinks there is cause- for it; • But in-this case Smith appeared befóte the Court-of Quarter Sessions, and m.ust have availed himself of every advantage to which he would have been entitled, if he had been brought in by process. . He has, therefore, no cause to complain.
• 4-th.>., It is objected that the wife has mistaken her remedy : that she should have petitioned the Court of Commbn Pleas under the act providing for alimony. But it has been properly answered, that those proceedings are as much on the part of the township as of the wife. The wife may fiot choose to petition for alimony, and she cannot be compelled. But the township has a right to seek indemnification without her consent, by the present proceeding, for the expense incurred in her maintenance.
5. The fifth exception is, that Peter Smith was not permitted to prove “ that he had not deserted his wife, but she had deserted him.” In this, it appears to me, that the Court of Quarter Sessions was clearly in the wrong. The seizing of a -man’s property, and exposing it to sale in a summary way, is matter of great importance, and the act of assembly forbids it to be done, until the order of the two justices is confirmed by the Sessions. Why is their confirmation required if the party is not to be heard? Or is it supposed that in every instance when a wife lives separate from her husband, his property may be seized and sold for her support, be the fault where it may; even though he express his willingness to maintain her, if she will come home, and do her duty ? This, indeed, has been contended for; but the law is not so; and bad would it be if if were. The act recites, that men .sometimes separate themselves, from their wives, "without reasonable cause, and then authorises a warrant of seizure to be issued, where a wife shall be so left or neglected; that is¿ *366 without such reasonable cause. The Court of Quarter Sessions ought, therefore, to have heard the evidence, and had no right to confirm the order Without hearing it. 1’his refusal to inquire into the truth of the husband’s allegations, vitiates the whole proceedings. But it is objected, that the decision of that Court is final and conclusive, and no certiorari lies. We have, therefore, been moved to quash the certiorari. The objection is founded on the 32d section of the act, by which it is enacted, that any person aggrieved by any judgment of the justices given out of their Sessions, under this act, may appeal to the next Sessions, (except in cases of removals, and cases of poor persons becoming chargeable, &c.) whose decisions in all such cases shall be conclusive. It is a general rule, that the jurisdiction of this Court cannot be taken away, except by express terms or irresistible implication. ■ I know that we have heretofore exercised jurisdiction in cases like the present, although I do not recollect that the jurisdiction was ever objected to. It has been taken for granted that we possessed it. Here are no express words ousting our jurisdiction, nor is there any necessary implication. On the contrary, this seems to be a case, in which the matter would be brought before the Sessions without an appeal; because a sale cannot be made until the order of the justices is Confirmed by the Sessions: and indeed the warrant of seizure is returnable to the Sessions: so that they must act upon it, whether there be an appeal or not. There is a variety of cases in which justices are authorised by this act of assembly, to make orders out of Court, in which appeals may be entered, besides this of husbands deserting their wives: but there is none in which it is more important that this Court should possess jurisdiction. I should, therefore, think it the best construction, if our jurisdiction is taken away in any case, (which, however, I do not affirm,) to confine it to those cases where the cause has been brought before the Sessions by appeal. Upon the whole, I am of opinion that the motion to quash the certiorari should be rejected, and the proceedings should be quashed.
Yeates, J.
I take it to be within the plain provisions of the 30th section' of the poor laws of 9th March, 1771, that the estates of husbands who have separated themselves from their wives without reasonable cause shall contribute to their *367 maintenance, although they have no children. At the same time, I cannot think, that a husband’s being confined in gaol necessarily constitutes a case of separation from his wife, and desertion of her without reasonable cause. It is obvious, that a man may be restrained of his liberty from a variety of circumstances out of his power of controul. The act does not contemplate process being issued to bring in the delinquent husband or wife, previously to the warrant of seizure: because it most frequently happens, that the persons thus neglecting their marital duties change their place of abode and cannot be found. The injured party would therefore be without remedy, if the service of such process was indispensably necessary in the firs't instance.
Whether this husband or wife was most in fault as to their family differences and separation, has not been determined by any tribunal, on a full hearing of the parties, with their several proofs. The order of seizure of the two justices of peace was merely founded on the complaint of the overseers of the poor, and the representatives of the wife. One thing is evident, that the husband has not been heard in his defence : and when his counsel in the Sessions offered to prove, that he did not separate himself from his wife without reasonable cause, and that his said wife deserted him, and withdrew herself from his protection, without any reasonable cause, the testimony was overruled, after nearly two months’ consideration of the subject! This appears to me the grossest injustice ! No man should be condemned unheal'd. If a woman elopes from her husband obstinately, without just reason, and will not be reconciled to him, and return to her domestic duties, he is not liable for necessaries provided for her by a stranger. In the uncourtly language of Judge Hyde, in the celebrated case of Manly v. Scott, (1 Mod. 132.) “,If “ a woman, who can have no goods of her own to live on, “ will depart from her husband against his will, and will not “ submit herself unto him, let her live on charity, or starve “in.the name of God.” I never can be brought to believe that Peter Smith was concluded by the sentence in the Sessions, and that his property should be seized and .sold, without allowing him an opportunity of contesting the matters alléged against him. It would be a most unfortunate circumstance for many husbands, if such doctrine was adopted by this .Court.
*368 Here 'has been no appeal from the Judgment of the two justices of the peace. They merely issued a warrant of seizui’cs on the oath of the wife, and the same was made returnable to the next Court of Quarter Sessions. But they made no adjudication, and, of course, the party aggrieved could enter no appeal from it. The case therefore is not within the words or meaning of the poor law, sect. 32. and this Court was legally authorised to issue the certiorari.
I am of opinion there was palpable error in denying Smith a hearing in the Sessions, and therefore this sentence ought to be reversed.
Brackenridge J. was sick and absent.
Motion to quash the certiorari rejected: and the proceedings quashed.