4w 305
224 ¹424

## Hagerty's Case.

The proceedings of the court of common pleas upon a petition for leave to prove a contract for the sale of land by a decedent, may be removed by *certiorari* to the supreme court for review.

The proceedings being summary, and not according to the course of the common law, a writ of *error* will not lie thereto.

The act of the 31st of March 1792, which provides for the proof of contracts by decedents for the sale of lands, and the execution of deeds by the personal representatives, is only designed to embrace the cases of contracts for a valuable consideration, and not a parol gift of land by a father to his son, in consideration of natural love and affection.

*CERTIORARI* to the common pleas of *Butler* county.

Alexander Hagerty petitioned the court for leave to prove a parol contract with Patrick Hagerty, in his lifetime, for the sale of a tract of land. The court appointed a commissioner to take the testimony, which established clearly a parol gift of the land by a father to his son, accompanied by a delivery of possession and valuable improvements made by the son. The court adjudged the proof to be sufficient.

The questions which arose in the court were: 1. Whether the proceedings were legally removable by *certiorari?* 2. Whether the

IV.—2 o

circumstances presented a case in which the court of common pleas had jurisdiction under the act of the 31st of March 1792?

*Evans, pro querente.*

The opinion of the Court was delivered by

SERGEANT, J.—The power of the supreme court, in a case like the present, to issue a *certiorari* to the court of common pleas, and remove their proceedings for the purpose of inquiring whether they have exceeded their jurisdiction, cannot be doubted.   If that court could assume a jurisdiction not given to them by the laws, and no superintending authority to restrain them existed, the consequences would be exceedingly mischievous.   Under the provisions of the constitution and acts of assembly, such authority has been uniformly exercised by the supreme court.   In 3 *Yeates* 480, it is declared by Shippen, C. J., that to prevent gross injustice in a variety of instances, the power of removing the acts of inferior tribunals must necessarily be exercised.   In Overseers *v.* Smith, 2 *Serg. & Rawle* 366, it was held, that a *certiorari* lies to the proceedings of two justices against a husband for desertion of his wife, where there was no appeal to the sessions.   In Lewis *v.* Wallick, 1 *Serg. & Rawle* 411, it was said by Tilghman, C. J., that in all cases of orders concerning the settlement of the poor, and roads, the practice has uniformly been to remove the proceedings, not by writ of error, but by *certiorari :* and that it is a principle, that where the proceedings are contrary to the course of the common law, no writ of error lies.   In Commonwealth *v.* Fourteen Hogs, 10 *Serg. & Rawle* 398, Mr Justice Duncan says : this court will examine the proceedings of all jurisdictions created by act of assembly, and if they, under pretence of such act, proceed to encroach jurisdiction to themselves greater than the act warrants, this court will send a *certiorari* to them to have the proceedings returned here, to the end that this court may see that they keep themselves within their jurisdiction, and if they exceed it, restrain them.   And in Commonwealth *v.* Beaumont, 4 *Rawle* 368, it was held that the judgment of the court of common pleas, quashing an inquisition in a case of lunacy, was returnable here by *certiorari.*   In that case the foundation of this jurisdiction was traced by Gibson, C. J., who, after a full review of the subject, concludes, that a writ of error is the proper process of removal where the primary tribunal is a court of record, and the proceedings to be removed either were according to the course of the common law in the first instance, or have assumed a common law shape subsequently : but where they are summary, or the magistrate is not the judge of a court of record, it is *certiorari.*   In the present case, the jurisdiction of the court of common pleas is vested in them by act of assembly, and the proceeding is by petition and summary process, not according to the course of the common law.   It follows that a writ of error to their order or decree would not lie, but that the remedy is by *certiorari.*

[Hagerty's Case.]

The jurisdiction exercised by the court of common pleas is, to entertain a petition by Alexander Hagerty, alleging a parol contract with his father, Patrick Hagerty, in the lifetime of the latter, for the sale of a certain piece of land in Centre township, Butler county, and praying that it might be proved : on which the court granted the prayer of the petitioner, and appointed a commissioner, before whom six witnesses were examined. Their testimony was returned to the court, who adjudged it to be sufficient, and directed it to be recorded in conformity with the act of assembly passed the 31st of March 1792. The testimony of these witnesses goes to prove a parol gift of sixty acres of land by the father, in his lifetime, to his son, the petitioner, and that the petitioner had resided on the land, and built, and made other improvements. The case presented by this testimony is not within the meaning or provisions of the acts of assembly. The preamble of the first act, passed the 31st of March 1792, recites, that it frequently happens that persons having contracted for the sale of lands and tenements within this commonwealth, depart this life without making provision by will for the performance of such contracts, leaving their heirs within age, whereby executors and administrators are prevented from collecting and administering the purchase moneys, and the purchasers are for a long time without titles. It then enacts that persons having a contract in writing, whereby any deceased person has covenanted to convey any lands, &c., which contract has not been complied with in the lifetime of the deceased, and no sufficient provision for the performance of such contract appears to have been made by the deceased in his lifetime, such person shall, before bringing suit, cause the contract to be proved, and the probate being adjudged sufficient, shall be recorded, on which the executor or administrator may petition for leave to make a deed conveying to the purchaser or purchasers, &c. Section second enables the executor or administrator, having a counterpart of such contract for the payment of the consideration moneys, to petition for leave to make a deed : no deed to discharge the land from the payment of the consideration money. The act of the 10th of March 1818 extends this act to cases of parol contracts to convey lands, where such contracts shall have been so far in part executed as to render it unjust to rescind the same : the petitioner is to state, among other things, the consideration and terms of payment ; the court are to adjudicate thereon, which adjudication is made evidence of the facts set forth in the petition.

The mischief intended to be remedied by these acts was, that there remained a contract of the deceased, binding on his executor or administrator, but no person in being capable of carrying it into specific execution. The purchaser of the land might be willing to pay the purchase money due on receiving a conveyance. The executor or administrator might stand in need of these moneys to discharge debts and legacies ; yet, notwithstanding, there being no competent grantor, the contract must be rescinded, or delayed, or a suit brought

[*Hagerty's Case.*]

in a court of law to recover damages for its non performance.　The acts of assembly, therefore, require the contract to be judicially proved before suit brought, and then empower the executor or administrator to execute a deed to the purchaser.　The provisions of the acts everywhere contemplate a contract for a valuable consideration, under which a deed is to be made.　But in the case of a parol gift of lands by a father to his son, accompanied with delivery of possession and valuable improvements made, the consideration is not valuable, but natural love and affection ; and the title, such as it is, is executed.　There is no contract by the deceased in which the executor or administrator is concerned.　He is not responsible in a suit, or entiled to receive money.　It follows, that the executor or administrator is not authorized to interfere by making a deed, or taking any other step, and that the proceedings for that purpose are not within the purview of the legislature.　The court below, therefore, exceeded its jurisdiction.

Adjudication and proceedings quashed.