REUBEN CLAPP, *adm'r de bonis non of* ALEXANDER GORDON, appellee, *vs.* EPHRAIM BEARDSLEY, appellant.

A naked order or licence from the probate court to an administrator of a deceased person, to sell his real estate, is not sufficient to support a title derived from the administrator, under such sale.

But, it must appear, either from the order or from the records of the probate court, that such facts were found to exist, as warranted the issuing of the order.

If a defendant in ejectment, at the suit of an administrator *de bonis non*, set up a title to the premises, in the first administrator, it is competent for the plaintiff to show the title thus set up, to have been obtained in fraud, of the creditors and heirs, and that it is consequently void. The defendant, in such case, not being a *bona fide* purchaser from the first administrator, without notice of the fraud, can make no other use of such title, than the first administrator could have done.

It is the duty of an administrator of a deceased mortgagor to redeem the mortgaged estate, with any property of the deceased, for the benefit of the creditors and heirs. And if such administrator redeem, and take an assignment of the mortgage to himself, in his individual capacity, *it is a fraud* upon the creditors and heirs, and a title in him, as such assignee, cannot be set up against them.

THIS cause came before the Court on a motion for a new trial, filed by the plaintiff, founded on exceptions taken on the trial of the issue, which were allowed, and certified as follows:

The action was ejectment, brought to recover the seizin and peaceable possession of "thirty-six acres of the south-east corner of lot No. 277, in the town of Grand-Isle."

Under the issue of *not guilty,* the plaintiff showed title to the premises, in *Alexander Gordon,* and his representatives, they being a part of a farm, known by the name of the Gordon farm.

It appeared that said Gordon died intestate, about the year 1803, and that *Philo Berry* and *Polly Gordon* administered on his estate.

The defendant read in evidence, a deed of mortgage of the said Gordon farm, from said intestate, to one *Benj. Boardman,* dated June 6, 1800, and offered a deed of assignment thereof, from said Boardman to said Berry, dated Sept. 25, 1805, which was objected to by the plaintiff, and rejected by the Court.

He then, in support of his defence, offered in evidence, the following order of sale, from Solomon Miller, Esq. judge of probate for the district of Chittenden, within which district, as it then was, the lands were situate:

STATE OF VERMONT,    }    *To Philo Berry, Esq. and Polly* Chittenden Probate District. } *Gordon, administrator and administratrix of the estate of Alexander Gordon, late of Middle-Hero, in said district, deceased.*

It appearing to me, that it will best serve the interest of all concerned in the estate of said deceased, that the whole of the real estate of said deceased should be disposed of. You are, therefore, hereby directed to sell the same at publick auction, or private sale, as you shall judge most for the benefit of the creditors to said estate, and account with me for the proceeds thereof, as soon as may be.

*Given under my hand, at Williston, this* 6*th day of August,* 1805.
SOLOMON MILLER, *Judge of Probate.*

*Grand-Isle,*
January,
1826.

Clapp, adm'r
*vs.*
Beardsley.

To the admission of which the plaintiff objected.

1st. Because the defendant does not show any decree of the probate court, to found said order upon; nor does it appear from said order, or otherwise, that any such decree was ever made.

2d. Because it does not appear by said order, or otherwise, that the personal estate was insufficient to pay the debts of the deceased, or had been applied for that purpose in the settlement of said estate.

3d. It does not appear by said order, or otherwise, that the heirs, or any person concerned, were notified of the application for said order, or had any opportunity to show cause against the same, or to give bonds, or to take any measures to prevent the same.

4th. It does not appear from said order, or otherwise, that it ever issued from, or by order of, any probate court.

5th. It does not appear from said order, or otherwise, that it was ever recorded in the probate office.

6th. Because said order directs the sale of the *whole* of the real estate, without disclosing any facts to render the sale of the whole necessary or expedient.

Which objections were overruled by the Court, and the order admitted.

The defendant then offered a deed of the said Gordon farm, from the aforesaid administrators to one *Asa Robinson*, for the alleged consideration of $3,226, dated 6th Sept. 1805.

To the reading of which the plaintiff objected.

1st. For that the defendant does not show, nor does it appear, that the administrators were sworn agreeably to law.

2d. Because it does not appear, whether the estate mentioned in said deed, was sold at publick or private sale.

3d. It does not sufficiently appear from said deed, that the same was executed by the grantors, in their capacity of administrators.

The objections were overruled by the Court, and the deed admitted.

The defendant then read a copy of a deed from Asa Robinson to the aforesaid Philo. Berry, of the same lands, and purporting to be for the same consideration as in the deed last mentioned, dated 1st June, 1807.

The plaintiff then offered to show, that Asa Robinson, to whom said first deed was given, was a clerk to said Berry, and a bankrupt; that no consideration was in fact paid by Robinson, or intended to be paid or received; that the sale, and consideration expressed in the said deed, were merely colourable, and said deed from Robinson to Berry was without any consideration, paid or intended to be paid; that the whole transaction of the pretended sale, and two deeds aforesaid, was a contrivance of Berry, to obtain the legal estate to himself, without consideration. From which facts, he would contend, that the title of Berry was fraudulent and void, as against the plaintiff.

The Court rejected the evidence.

Grand-Isle,
January,
1826.

Clapp, adm'r
vs.
Beardsley.

The plaintiff then requested the Court to charge the jury, that, as the defendant shows no title in himself, but rests his defence upon the title of Berry, it was incumbent on him to show the regularity of Berry's proceedings, as administrator.  Which the Court refused to do, and directed the jury to find a verdict for the defendant; to all which, the plaintiff excepted.

*Wetmore*, in support of the motion.  In this case, it appears that the premises in question were part of the estate of Gordon, at the time of his death ; that the defendant pretends to no right in himself, but defends his apparent trespass and wrongful possession, by attempting to show, that the title is no longer in the estate of Gordon, but in Philo Berry, late administrator.

The plaintiff contends, that he may avail himself of every advantage and objection, which the heirs or creditors of Gordon could claim, if directly demanding the premises for themselves. (1 *Stat.* 144, *sec.* 66, *ed.* of 1808.)    That the deed of Berry is no estoppel to the plaintiff; that the plaintiff represents the *estate*, but does not represent *Berry*, and that no privity subsists between successive administrators.

The plaintiff also contends, that the defendant, having shown no title in himself, but appearing to be a volunteer, and a trespasser, is bound to show every thing which Berry must have shown, if now litigating this property with the creditors or heirs of Gordon.

The plaintiff also contends, that the order of the judge of probate, for the sale of Gordon's real estate, ought not to have been admitted at the trial.

1st.  Because, upon the death of Gordon, his real estate descended to and vested in his heirs, subject, indeed, to be divested by the administrator, but not at the mere pleasure of the administrator, or of the judge of probate, but only for certain purposes, and in a  certain way.—1 *Stat.* 138, 139, *sec.* 49, 54 *and* 55, *ed. of* 1808.

It is an adversary proceeding as to the heir ; it is *his* land that is sold.    There should, then, be as strict a compliance with the requisites of law, as in setting off land on an execution, or in other cases of  taking a person's land from him,  without his act or consent.

2d.  Because this order furnishes no evidence of those prerequisites, which are necessary to give the probate court a disposing jurisdiction over the  real  estate.—1 *Law Journal*, 342, 355 —*Prob. act, sec.* 49, 54, 55 & 104—18 *Mass. R.* 507, *Newell* vs. *Sadler*—11 *Mass. R.* 507, *Smith* vs. *Rice*—14 *Mass. R.* 222, *Chase* vs. *Hathaway*—17 *Mass. R.* 81, *Proctor* vs. *Newell*—16 *Mass. R.* 122, *Newell* vs. *Sadler*.

3d.  Because the administrator, being himself the purchaser, ought especially to show the previous application of the personal estate, and other things necessary to legalize the sale of  the real estate, and the defendant having espoused the cause of Berry, ought to  justify his  interference, by showing  what Berry might and should show.

4. Because it does not appear that the sale was ordered for any legal purpose. It might be, for any thing that appears, that the sale was ordered for the supposed benefit of the heirs, which is clearly out of the jurisdiction of the probate court. Authorities to the above four causes.----*Prob. Act, ut supra, also sec.* 66 *& 78*---4 *Mass. R.* 117, *Hunt* vs. *Hapgood*---11 *Mass. R.* 507, *Smith* vs. *Rice*---14 *Mass. R.* 254.

*Grand-Isle,*
*January,*
1826.*

Clapp, adm'r
*vs.*
Beardsley.

The plaintiff also contends, that the evidence offered by him to invalidate the title of Berry, ought to have been received. A voluntary and fraudulent conveyance is void, as against those who have previous claims upon the property conveyed.

The creditors and heirs of Gordon could reach this property in chancery, even if Berry were still administrator; and now that Berry is out of the administration, and the plaintiff in, the right has revived at law.

The liability of Berry to account, and the security of his administration bond, furnishes no answer to these positions.

The plaintiff also contends, that as this case appears, the Court are to presume that the ceremony of passing the title through Robinson, back to one of the administrators, being without consideration, was intended to confirm the title, for the benefit of the estate; and of course, that the title of Berry was meant to cease, and fall into the estate, on the determination of his administration.

*Swift,* contra. The defendant, in showing cause against a new trial, contends, that the declaration is defective, in that it does not sufficiently describe the land sued for, to enable the Court to render any judgment for the same, or enable the sheriff to give possession, should a writ of possession issue therefor. A new trial would not, therefore, avail the plaintiff.----2 *Bac. Ab.* 168-9-70.

2d. The deed from Benjamin Boardman to Philo Berry is made part of this case, and the Court are to judge of its validity, and if the right of Boardman was conveyed to Berry, in his own right, the title is out of the plaintiff, and a new trial would be of no benefit to him.

In support of the validity of this deed, it is contended, that there is no legal objection to the administrator of mortgagors purchasing in his own right, the interest of the mortgagee.

The objection, it is believed, arises wholly from the difficulty of the administrator performing the trust; if so, it may be answered, that the same difficulty would exist, had the deed been executed before Berry's appointment, which may have been, for aught appears from the case.

3d. The order from the judge of probate, was such an order as he was competent to make, and the subject matter within his jurisdiction, and the law (especially after so great a lapse of time) will presume that every essential requisite to the issuing of the order, was complied with. The order, therefore, is conclusive; but whether conclusive or not, as against others, it is certainly so against the administrators who acted under it, and

*Grand-Isle,*
*January,*
*1826.*

*Clapp, adm'r*
*vs.*
*Beardsley.*

the plaintiff who stands in his place, (11 *Mass. R.* 227, *Perkins* vs. *Fairfield*) and this was a question between purchaser and heir: see also, 7 *Mass. R.* 292, *Leaveritt* vs. *Harris*—10 *Mass. R.* 105—3 *do.* 399, *Gray* vs. *Gardner.*

The purchaser in this case (especially as against the administrator,) is not bound to show any decree of the court of probate on which said order was founded; it is sufficient that the order is regular on the face of it, and issued from competent authority. 13 *Johns. R.* 97, *Jackson* vs. *Rosevelt*—do. 537—1 *Johns. Dig.* 448—11 *Johns. R.* 517, *Jackson* vs. *Shaffer.*

The title of a purchaser, under this order, cannot be defeated for want of notice to the heirs: if, however, notice to heirs was necessary, it is to be presumed that such notice was given; but this case does not show that there were any heirs or other persons than the administrator, entitled to notice. If this suit was in favour of an heir, it might be entitled to a different consideration; but, an administrator, after selling the estate of his intestate, under a regular order, shall not be allowed to set aside his sale, in consequence of his own neglect.

A judge of probate can order the sale of the whole real estate, and the necessity of such order in this case, is to be presumed; but it is difficult to see how the plaintiff, or the creditors to the estate, can be prejudiced by such order.

Any neglect of duty in the administrator, subsequent to the sale, cannot affect the right of the purchaser.- -4 *Wheat. R.* 503 —10 *Johns. R.* 223, 381—8 *Johns. R.* 361—1 *Dall.* 94.

It is no objection to the conveyance of Berry to Asa Robinson, that Robinson was a clerk of Berry, or that he was a bankrupt, or that the design was, that Robinson should re-convey to Berry. If Berry had fraudulently conveyed the estate, for an inadequate consideration, the plaintiff cannot be defrauded; for in such case, Berry would be answerable on his bond.

A conveyance, fraudulent and void, as between the original parties, is good, where the land has been conveyed to a subsequent *bona fide* purchaser.—4 *Wheat. R.* 466, 487—1 *N. Y. Dig.* 477, 480.

It cannot affect the right of a purchaser under an order from the judge of probate, that the administrator was not sworn; nor can an administrator set up, in avoidance of his own deed, a neglect of duty on his part. (15 *Mass. R.* 26, 137, 170, 180.) In such case, resort must be had to the administrator's bond, and not to the purchaser.

HUTCHINSON J. delivered the opinion of the Court.

This case has been argued upon a motion for a new trial, after a verdict for the defendant. The exceptions allowed by the Court present several points that were decided in the course of the trial, and the briefs exhibit compends of the arguments, with minutes of the authorities relied upon by the parties, in support of the positions taken by each. It is unnecessary for the Court to occupy much time in noticing any other points, than those on which their decision rests.

*Grand-Isle,*
January,
1826.

Clapp, adm'r
*vs.*
Beardsley.

It appears that the plaintiff claims to recover the land describ-ed in the right of Gordon, the deceased, as his administrator, and the defendant, without setting up any title in himself, at-tempts to set up an outstanding title in one Philo Berry, former-ly co-administrator, with the widow of Gordon, of his estate. There is, therefore, no dispute but that Gordon once owned the land. The dispute is, whether the title has passed from Gor-don, or his administrators, to Berry, and whether the decision of the Court was correct in admitting and excluding evidence of-fered upon that point.

To support this outstanding title, the defendant offered in ev-idence, an order from Solomon Miller, as judge of probate for the district of Chittenden, in which this land lay at the date of said order, in the words and figures following, to wit:

[Here the judge recited the order, as given above.]

This order, standing alone and unaccompanied with any pro-bate records, showing any proceedings before the court of pro-bate, to ascertain the necessity for a sale of the real estate, was objected to by the plaintiff, but was admitted by the Court.

It seems that the administrators, under this order, deeded the premises to one Asa Robinson, and that said Robinson deeded back the same premises to said Berry; both deeds name the consideration of $3,226.

It also appears, that the plaintiff offered to prove, that the deed from said administrators to Robinson, and the one from him to Berry, were without consideration, and intended as a fraud up-on the heirs, and all concerned in the said estate. This was ob-jected to by the defendant, and was excluded by the Court.—The Court see no reason why this last testimony should not have been admitted. The defendant does not stand in the place of a *bona fide* purchaser, without notice of fraud in his grantor. He, at best, can make no more of a title outstanding in Berry, than Berry himself could have made of the same title. And Berry could make no use at all, as against the heirs or creditors of Gordon, of a title obtained as this evidence imports. That the creditors and heirs would have their remedy upon the adminis-tration bond, too slightly removes the difficulty. It may shift the burden of the fraud upon the unfortunate bondsmen; but this neither the creditors nor the heirs are obliged to do. Deeds thus fraudulent, are void, and may be treated as void; and the plaintiff, armed with the strength of both creditors and heirs, may hold the land, in defiance of such deeds, if he can furnish the proof thus offered.

The Court are also of opinion, that the order from the judge of probate ought to have been excluded. It contains no recital of any finding by the judge, that a sale of real estate was neces-sary, to pay the debts; no records are produced, showing such necessity. The statute then in force, is plain in its provisions, that the personal estate must first be applied to the payment of the debts, then the real estate, so far as necessary; and, in a certain event, the whole may be sold. But it must appear, ei-

*Grand-Isle,*
*January,*
*1826.*

*Clapp, adm'r*
*vs.*
*Beardsley.*

ther from the order or from the records of the probate court, that such facts are found to exist, as warrant such an order as in fact issues. Here no records are produced; the order recites no decree; no finding of facts that warrant the order; nothing, in fact, but that it appears to him, the judge, that a sale of the whole will best serve the interest of all concerned. This order, thus standing alone, and unsupported by any record from the court of probate, is as no order. It authorizes no sale, and does not support the deed from the administrators to Robinson, and the one back to Berry. The Court consider that either, *et a-fortiori*, both of these points furnish a sufficient reason for a new trial.

But the defendant contends, though not with great assurance, that he offered evidence of another, distinct and sufficient title to the premises, which was excluded by the Court; the admission of which would have shown a conclusive title in Berry. He contends, that Gordon having, before his decease, mortgaged the premises to Benjamin Boardman, the assignment by Boardman to Berry of that mortgage, by deed, dated September 25, 1805, was sufficient title for Berry to hold the premises, till the redemption money was paid. On comparing dates, the Court perceive, that this assignment of the mortgage was nineteen days after Berry and Polly Gordon had deeded to Robinson. It was the duty of Berry, from the time he was administrator, and especially after he had sold the land, to redeem the mortgage with any property of the deceased, and do it for the benefit of the creditors and heirs, to whom it might belong. In such case, the title should not be made out to himself, in his individual capacity; and an assignment, so placing it in him, is a fraud upon the creditors and heirs of Gordon, in whose behalf the plaintiff claims, and ought not to be set up against them, and was rightly excluded by the Court. This last point being thus disposed of,

A new trial is granted, upon the two principal points herein before explained.

*Seth Wetmore* and *Bates Turner*, for the plaintiff.

*A. Aldis, B. Swift, Jas. Davis* and *J. Smith*, for the defendant.