THOMAS P. CLARK, plaintiff in error *v*. EBENEZER HARK-
ness, defendant in error.

*Error to Adams.*

The Circuit Courts are limited in their jurisdiction to the several counties in
which they are erected, except in cases where such jurisdiction is expressly
extended. In order to give a Circuit Court jurisdiction, where the process
issues, to a different county from that in which the action is instituted, there
should be a special averment in the declaration, of one of the causes enume-
rated in the act of 1828.

The facts upon which the jurisdiction arises, must be either expressly set forth,
or in such a manner as to render them certain by legal intendment.

THIS was an action of *debt* on an award, commenced in the
Circuit Court of Adams county, October 6th, 1830. The sum-
mons was directed to Morgan county, and made returnable to
the October term, 1830. At this term the defendant appeared
by attorney, and moved the Court to quash the summons,
because no certain sum was set forth in said writ as the debt
claimed by the plaintiff. This motion was overruled, and the
defendant then filed an affidavit of fraud in obtaining the award
sued on; and afterwards, at the May term, 1831, judgment was
rendered against the defendant for want of a plea, for $87 debt,
and $13,78 damages assessed by the clerk, with costs of suit.
Subsequently, and at the same term of the Court, the defendant,
upon affidavit filed, moved the Court to set aside the default.
This motion was continued till the October term, 1832, and then
overruled by the Court, the Hon. Richard M. Young presiding.
The defendant excepted.

T. FORD and M. McCONELL, for the plaintiff in error.

A. W. CAVARLY, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:(1)
This was an action of *debt* commenced on an award, in the
Circuit Court of Adams county. The summons was directed to
the sheriff of the county of Morgan, and made returnable to the
Circuit Court of Adams county, and is in the usual form, except
that the amount of the debt claimed is not specified.

Among several points made is one of importance, which goes
to the jurisdiction of the Circuit Court. It is contended that the
Circuit Court of Adams could not entertain jurisdiction of the
cause, because it does not appear from the record, that the cause
of action arose in that county, or that the debt was specifically
payable there. It is obvious, on general principles, as well as
law, that the Circuit Courts are limited in their jurisdiction to the

(1) WILSON, Chief Justice, did not sit in this cause.

several counties in which they are erected, unless there shall be, by some particular law, an express power extending that jurisdiction in specified and enumerated cases. With respect to the emanation of process, and the power to reach defendants who reside out of the particular county in which the Court exists, and to compel their appearance, it is necessary to examine the act of the legislature of 30th December, 1828.(1) By the provisions of that act, which is emendatory of the *" Act concerning Practice in Courts of Law,"* of 1827, it is provided, that " it shall not be lawful for a plaintiff to sue a defendant out of the county where the latter resides, or may be found, except in cases where the debt, contract, or cause of action accrued in the county of the plaintiff, or where the contract may have, specifically, been made payable." By this provision, it was intended to change and restrict a practice, which existed under the ·act of 1827, of compelling the appearance of a defendant in any county in the State, where a creditor might elect; a most oppressive and injurious practice, which was intended to be prohibited in future. It would, perhaps, be proper, before a writ emanates, that the officer of the Court from which it is prayed, where it is sought to compel the attendance of a person from another county, should require an affidavit of the party, or his agent or attorney, that the cause of action accrued there, or that the contract was specifically payable there, according to the provisions of the act of 1828. It is not intended, in construing this provision, to say, that because this was not done in the present instance, that there is a want of jurisdiction; but still it is essential, in my judgment, that there should be a special averment in the declaration, of one of the causes enumerated in the act of 1828, to give jurisdiction. A Circuit Court, though an inferior Court, in the language of the Constitution, still I am willing to concede, is not so held by the common law, nor the statutes of the State conferring its jurisdiction. The caution and jealousy with which the acts of inferior tribunals have been viewed, is not applicable to them; but they are, on the contrary, to be viewed with a spirit of enlarged and enlightened liberality, in favor of the regularity of their proceedings. A Circuit Court, however, is of limited jurisdiction, and has cognizance, not of causes generally, but of such only as arise within the county.

Now, from the face of the writ in this case, the fair presumption is, that the Court has not jurisdiction; but that the case is without its jurisdiction, the writ being directed into another county. This renders it necessary—because the proceedings of no Court can be deemed valid, further than its jurisdiction appears, or may be fairly presumed—to set forth upon the record, the facts which give jurisdiction expressly, or such as by

(1) R. L. 145; Gale's Stat. 166.

legal intendment may render that jurisdiction certain. If we apply this reasoning to the case before us, we shall look in vain into the record for an averment of the existence of any one of the causes enumerated in the act of 1828, upon which the Circuit Court could exercise the jurisdiction specially given in such cases. It was necessary that the causes which gave the Court the right to entertain jurisdiction, should have been specially set forth; and as that has not been done, it seems to follow, as a consequence, that the cause was without its jurisdiction.

A course of decisions in the Supreme Court of the United States, in regard to the alienship and residence and citizenship of suitors in the Circuit Courts of the United States, which are considered analogous in principle, has been adopted; and by which it is declared, that " the facts upon which the jurisdiction arises, must be either expressly set forth, or in such a manner as to render them certain by legal intendment." In the case of Turner, administrator *v.* Bank of North America, where a note was drawn by the defendants, in favor of Biddle & Co., who were described " as using trade or merchandise in partnership together, at Philadelphia, or North Carolina," it was declared, the description of the promisees, contained no averment that they were citizens of a State, nor any which by legal intendment could amount to such averment, and that it was error.(1)

I am of opinion that the judgment of the Circuit Court of Adams, be reversed, for want of jurisdiction.

*Judgment reversed.*

*Note.*—See Key *v.* Collins, *Post;* Beaubien *v.* Brinckerhoff, and note, 2 Scam.

(1) 4 Dallas, 8. *See* 1 Peters' Cond. Rep. 208, notes; Gordon's Dig. ed. of 1837, 125, 128.