MARSHALL KEY, impleaded with ASHER E. MILLER and JOHN E. MILLER, plaintiff in error *v.* JAMES A. COLLINS, administrator of the estate of William H. Witham, deceased, defendant in error.

*Error to Morgan.*

Original process can be issued to a different county from that in which the action is commenced, in the three following cases only:

1. When the plaintiff resides in the county in which the action is commenced, and the cause of action accrued in such county.
2. Where the contract is made specifically payable in the county in which the action is brought. In this case, no regard is paid to the residence of the plaintiff.
3. Where there are several defendants residing in different counties, and the action is commenced in the county in which some one of the defendants reside.

Where process is issued to a foreign county, the declaration should contain an averment of the facts necessary to authorize the emanation of the writ to such foreign county. An averment that the cause of action accrued in the county where the suit was brought, without averring that the plaintiff resided there at the time of the commencement of the suit, would not be sufficient.

An affidavit of the facts which give the Court jurisdiction, is not necessary to authorize the issuing of process to a foreign county; and if it is made, it does not thereby become a part of the record, or dispense with the averment of those facts in the declaration.

J. LAMBORN, L. DAVIS, F. FORMAN, for the plaintiff in error.

MURRAY MCCONNELL, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *debt* commenced in the Circuit Court of Morgan county. The summons was directed to the sheriff of Pike county, and by him returned served on Key, one of the defendants below, the others not found. The declaration is in the usual form, on two promissory notes, stating them to be made at Naples, in the county of Morgan, but it contains no averment that the county of Morgan is the residence of the plaintiff, or that the notes were specifically made payable in that county.

Previous to the issuing of the summons, the attorney for the plaintiff filed an affidavit stating that "The suit is instituted to recover two notes of hand given to Witham, in his life time, and that the said contracts were entered into between the parties in the county of Morgan, and the notes executed there; but that the defendant had since removed to the county of Pike. On the return of the summons, the defendant, Key, by his attorney, moved the Circuit Court to dismiss the cause for want of jurisdiction, which motion was overruled, and judgment given for the plaintiff below by default. The point relied on to reverse this judgment, is, that the Circuit Court had no jurisdiction over

the person of the defendant below. This Court decided in the case of Clark v. Harkness,(1) "That the Circuit Courts are limited in their jurisdiction to the several counties in which they are erected, unless there be, by some particular law, an express power extending that jurisdiction in specified and enumerated cases." With respect to the emanation of process, and the power to reach defendants who · reside out of the particular county in which the Court exists, and to compel their appearance, it is necessary to examine the act of the legislature of 30th December, 1830.(2) By the provisions of this act, which is amendatory to the *"Act concerning Courts of Law,"* passed January 29, 1827, it is enacted, " That so much of the act entitled an act concerning practice in courts of law, as authorizes the directing of original process to the sheriff or coroner of any other county than the one in which the suit is commenced, be, and the same is hereby repealed. And that hereafter it shall not be lawful for any plaintiff to sue a defendant out of the county where the latter resides, or may be found, except in cases where the debt, contract, or cause of action accrued in the county of the plaintiff, or where the contract may have specifically been made payable; when it shall be lawful ‚to sue in such county, and process may issue against the defendant, to the sheriff of the county where he resides: *Provided,* That where there are several defendants living in different counties, the plaintiff may sue, either in the county where the cause of action arose, or in any county where one or more of said defendants may reside, and shall have like process against such as reside out of the county where the action shall be brought, as above."

This act authorizes original process to be directed to a different county from that in which the action is commenced, in the three following cases only :—1st, The plaintiff may commence an action in the county where he resides, if the cause of action accrued in such county. 2d, It authorizes an action to be commenced in any county where the contract is specifically made payable, without regard to the residence of the plaintiff: And, 3d. Where there are several defendants living in different counties, the plaintiff may commence his action either in the county where the cause of action accrued, and in which he resides, or in any county where one or more of the defendants may reside.

If the plaintiff had a right to direct his summons to Pike county, it must be under that part of the statute which authorizes a defendant to be sued in the county where the plaintiff resides. But under this portion of the statute, two facts must concur. The cause of action must accrue, and the plaintiff must reside, in the same county. The declaration contains no averment as to the residence of the plaintiff, and the affidavit merely states that the

(1) *Ante* 56.          (2) R. L. 145; Gale's Stat. 166.

notes were executed in Morgan county, but says nothing as to the residence of the plaintiff. In this respect the affidavit is clearly insufficient, and did not authorize the clerk to issue the summons to Pike county.

Had, however, the affidavit been sufficient as to both the residence of the plaintiff and the place where the cause of action accrued, still, according to the decision of the case of Clark *v.* Harkness, a special averment ought to have been made in the declaration, that the plaintiff was at the time the suit was commenced, a resident of Morgan county. The suggestion contained in that case, of the propriety of filing an affidavit, seems only intended as evidence to the clerk, (where the summons issues before the declaration is filed,) that in issuing a summons to another county, there is no attempt to stretch the jurisdiction of the Court, to cases and persons improperly, and thus harass those over whom the Court possesses no jurisdiction. The affidavit in this case is not required by the statute, and is not essential to authorize the issuing of process to a different county than that from which it emanates. It consequently is no part of the record, and its insertion therein does not dispense with the averments in the declaration, that the cause of action accrued, and the plaintiff resided, in the same county. For the want of an averment that the plaintiff resided in Morgan county, at the time of the commencement of this suit, the judgment must be reversed with costs.

*Judgment reversed.*

*Note.* See Beaubien *v.* Brinckerhoff, and note at the end of that case. 2 Scam.

