John B. Beaubien, plaintiff in error, *v.* Martin B. Brinckerhoff, defendant in error.

*Error to the Municipal Court of the City of Chicago.*

The Circuit Courts are not inferior courts, in the common law sense of that term, but are superior courts of general jurisdiction.

(1) R. L. 180 § 52 ; Gale's Stat. 206.

In relation to superior courts, or courts of record, the law is, that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court, but that which is expressly alleged.

The act creating the Municipal Court of the city of Chicago, and the act supplemental thereto, confer on the Municipal Court concurrent jurisdiction with the Circuit Courts, in all matters arising within the county of Cook; and, therefore, it must be considered a superior court; and unless the contrary appears, its jurisdiction will be presumed.

The case of Key v. Collins, does not conflict with the present. The doctrine of that case is, that a Circuit Court, while exercising its jurisdiction within the boundaries of the county where it is held, is a superior court, and its jurisdiction is presumed; but if it extends its jurisdiction extra-territorially, its jurisdiction must appear.

FRANCIS PEYTON, for the plaintiff in error :

" The plaintiff contends, that the Municipal Court of the city of Chicago, is, in the meaning of the Constitution, and by the terms of the act of the General Assembly creating it, a court of special and limited jurisdiction ; and to support this position, refers to the act incorporating the city of Chicago and establishing said Court.

" The plaintiff relies upon the fact, that the record, on its face, does not show a case within the jurisdiction of said Municipal Court, inasmuch as it is not averred, nor does it appear from any part of the record, either that the plaintiff and defendant, or that the defendant resided in the city of Chicago, at the time of commencing said suit ; nor is there any averment, that the plaintiff resided in the county of Cook, at the time of commencing said suit, or, that the contract was made specially payable in said city or county.

" In support of the sufficiency of these objections, singly and collectively, the plaintiff refers to the case of Clark v. Harkness, 1 Scam. 56, where it is held, that the party or his agent or attorney, ought to make affidavit, that the cause of action accrued in the county, or that the contract was specially payable where suit is brought ; and also, that the facts upon which the jurisdiction arises, must be either expressly set forth, or in such manner as to render them certain by legal intendment. See, also, the case referred to by this Court, in 4 Dallas 8 ; also the cases reported in 2 Peters' Cond. R. 19. It is decided, ' If it does not appear, from the record, that the character of the original parties will support the jurisdiction of the Court, it cannot be sustained.'

" 1 Peters' Cond. R. 13. ' It is necessary to set forth the citizenship or alienage, if a foreigner is a party, in order to bring the case within the jurisdiction of the courts of the United States.'

" In the case of Den et al., on the demise of Walker, v. Turner, 9 Wheat. 541, it is held, that ' the ground of the jurisdiction of an inferior tribunal must appear on the face of the proceedings ; and if it do not, they will be considered as coram non judice.'

" So in 4 Johns. 292, Powers v. The People ; ' There should

always appear sufficient on the face of the proceedings in an inferior court, to show that it has jurisdiction in the cause of which it takes cognizance.'

" So in the case of Catlett *et al. v.* The Pacific Ins. Company, 1 Paine 594 ; ' The averments of the citizenship of the parties, to give jurisdiction to a Circuit Court, is a necessary averment, and must be proved under the general issue.'

" In Kentucky, where, by law, the General Court is limited in its jurisdiction, much in the same manner as the Municipal Court, in regard to the person, it has been decided, by the Supreme Court, ' that nothing short of a positive allegation of non-residence, will. suffice to give that Court jurisdiction. That " the defendant had left the State, and it was said he did not intend to return, which the complainant verily believed," will not do. Answering the bill, and making no objection to the jurisdiction of the General Court, will not give the Court jurisdiction, nor would consent to do so.' Littell's Selected Cases 303 ; 2 Litt. Reps. 256 ; 2 J. J. Marsh. 584.

" ' In a court of special and limited jurisdiction, the plaintiff must show his right to come there, on the face of his own proceedings, and nothing will be presumed in his favor.' 5 Monroe, 388 ; 1 J. J. Marsh. 407.

" ' Where the want of jurisdiction appears by the plaintiff's own showing, no plea is necessary ; the party may demur, or avail himself of the objection on a writ of error.' 7 Monroe, Grant *v.* Tams & Co.

" ' Where the Court had not jurisdiction, because the party was not in the county, where the suit was instituted, an appearance and motion made by counsel to set aside steps taken, and a motion for leave to file an answer, will not be construed as a waiver of any objection to the jurisdiction.' Brown *v.* McKee's Reps., 1 J. J. Marsh. 475.

" In the case under consideration, there was no appearance for the defendant, and of course no consent to the exercise of jurisdiction by the Municipal Court of the city of Chicago. But it is contended, that if there had been, it would not have varied or destroyed the right of the plaintiff to insist upon the want of jurisdiction. To support this position, he refers to Brown *v.* Crow's Heirs, Hardin 448. ' It is a general principle, that consent cannot give jurisdiction. But this principle seems to be confined to those cases, where the Court is not shown to have jurisdiction on the face of the proceedings by law. Where the Court once had jurisdiction, and have so exercised it, that their power over the case is gone, consent may still restore it.'

" ' Consent cannot give jurisdiction where the court has not, by law, cognizance of the subject matter.' 1 J. J. Marsh. 476.

" The case of Key *v.* Collins, 1 Scam. 403, is also in point."

J. Butterfield and James H. Collins, for the defendant in error :

" 1. The Municipal Court of the city of Chicago has concurrent jurisdiction with the Circuit Court, in all matters arising within the county.    Acts of 1837, 75 § 69, 81 § 1 ; R. L. 145, 151 – 2 ; Gale's Stat. 166, 171 – 2.

" 2. The Municipal Court is not an inferior court, but an original superior court.    1 Saund. 73 – 4 ; 3 Blac. Com. 24.

" 3. Nothing shall be intended to be out of the jurisdiction of a superior court, but what expressly appears to be so, nor within the jurisdiction of an inferior court, but what is expressly alleged. 1 Saund. 73 – 4 ; 3 Blac. Com. 30; 2 Ld. Raym. 1310; Sir Thos. Jones's Rep. 230 ; J. Jones 103 ; Kebble 677 ; 3 Levinz 234, 243 ; 1 Ventris 28 ; 1 Siderfin 95 ; 1 Roll. Abridg't 345 ; Cro. Cas. 571 ; 3 Wend. 267 ; 6 Cowen 234 ; 4 Johns. 292 ; 9 Wheat. 541 ; 17 Johns. 272 ; 2 Hall 205.

" 4. The record shows that the cause of action did arise within the city of Chicago.    7 Cowen 42 ; 1 Saund. 169 – 116 ; Gould's Plead. 68.

" 5. But even if the defect complained of existed, it is cured by the statute of Jeofails.    R. L. 65 – 7 ; Gale's Stat. 49 – 51."

Lockwood, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* commenced by Brinckerhoff, as an endorsee of a promissory note, against Beaubien, the maker. The declaration is in the usual form, stating the note to be made, " to wit," at Chicago, in the county of Cook, but contains no averment that the plaintiff and defendant, or that the defendant resided, at the time of commencing the suit, in the city of Chicago, or in the county of Cook.

The summons was directed to the high constable of the city, and by him returned, served on the defendant, judgment was given in favor of the plaintiff, by default.

The assignment of errors questions the jurisdiction of the Municipal Court.

The Municipal Court of the city of Chicago was created, and its jurisdiction conferred, by the 69th section of the act entitled, " *An Act to incorporate the city of Chicago,*" (1) which declares, that there shall be established, in the said city of Chicago, a Municipal Court, which shall have jurisdiction concurrent with the Circuit Courts of this State, in all matters, civil or criminal, arising within the limits of the said city, and in all cases where either plaintiff and defendants, or defendants, shall reside, at the time of the commencing suit, within said city ; which Court shall be held

(1) Acts of 1837, 75.

within the limits of said city, in a building provided by the corporation."

The jurisdiction of this Court was increased, by the 78th section(1) of the same act, which declares, that said Municipal Court shall be a court of record, and have a seal, to be furnished by the Common Council ; the process of said Court shall be tested by the judge, and issued in the same manner as in the Circuit Courts, and shall be directed to the high constable of said city, to be executed within the limits of the same ; but when the defendant, or defendants, or either of them, may reside without the limits of said city, and in Cook county, the process shall be directed to the sheriff of said county, who shall execute the same, and make return thereof to the clerk of said Court."

By the 80th section, (2) " all judgments rendered in said Municipal Court, shall have the same lien on real and personal estate, and shall be enforced in the same manner, as judgments rendered in the Circuit Courts of this State." The jurisdiction of this Court was also enlarged by the " *Act supplemental to an act to incorporate the city of Chicago*," (3) by which last mentioned act, " all persons residing in the county of Cook, may, at their option, have recourse to the Municipal Court of said city, and the said Municipal Court shall have concurrent jurisdiction, with the Circuit Court, in all matters arising within said county."

At common law, courts are divided into superior and inferior courts, or courts of record, and those not of record. (4)

A material distinction prevails between these two classes of courts, in relation to the mode of stating their jurisdiction. In relation to superior courts, or courts of record, the law is, that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears to be so ; and on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court, but that which is expressly alleged. (5)

The act creating the Municipal Court of the city of Chicago, and the act supplemental thereto, confer on the Municipal Court concurrent jurisdiction with the Circuit Courts, in all matters arising within the county of Cook.

To what class of courts, then, do the Circuit Courts of this State belong ?

The Circuit Courts are the only superior courts in the State, that possess original and unlimited jurisdiction. They exercise, within their respective counties, all the powers and jurisdiction of the courts of King's Bench and Common Pleas in England ; and although these Courts are inferior to the Supreme Court, because appeals and writs of error lie from their decisions to the Supreme

(1) Acts of 1837, 76.  (2) *Ibid.* 77.
(3) *Ibid.* 81.  (4) 3 Blac. Com. 24.
(5) 1 Wms' Saund. 27 ; 2 Ld. Raym. 796, 1310 – 11 ; 1 Bac. Abr. 562.

Beaubien *v.* Brinckerhoff.

Court, yet this circumstance does not constitute them inferior courts in the common law sense of the term. Courts, not of record, are denominated inferior courts, because, if their proceedings are questioned in the superior courts, they must specially show, that they acted within their jurisdiction. The Circuit Courts are preëminently the superior courts of this State ; and as the Municipal Court of the city of Chicago possesses concurrent jurisdiction, within the city of Chicago and the county of Cook, with the Circuit Court, it must be considered a superior court. Now, for any thing that appears in the declaration at bar, the Municipal Court may have had jurisdiction.. The note may have been executed in Chicago, which would have given jurisdiction.

The plaintiff and defendant may also have resided in Chicago, or in the county of Cook.

In one of these ways, the Municipal Court may rightly have had jurisdiction, both of the person and of the cause of action ; and as it does not appear from the declaration, but that some one of the facts existed, which would have given the Municipal Court jurisdiction, this Court, upon the rule above laid down, is bound to intend, that the Municipal Court had jurisdiction, both of the person and the subject matter of the action.

The case of Key *v.* Collins, decided, at December term, 1837, (1) was relied on in the argument, by the plaintiff in error, as an authority. In that case, the Morgan Circuit Court had issued its process to another county, where it was served, and judgment was rendered in said Court by default.

The only point decided in that case was, that the Circuit Courts of the several counties are limited territorially, and that whenever a Circuit Court issued process beyond the limits of the county in which the Court sits, it must show its jurisdiction. The doctrine of that case is, that while exercising its jurisdiction within the boundaries of the county where it is held, it is a superior court, and its jurisdiction is presumed ; but if it extends its jurisdiction extra-territorially, its jurisdiction must appear.

That case does not, therefore, conflict with this decision, as it is not pretended that the Municipal Court awarded its process beyond its territorial limits.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

*Note.* Courts of inferior jurisdiction must not only act within the scope of their jurisdiction, but it must appear on the face of their proceedings, that they so acted, or their proceedings are *coram non judice*, and void. Kemp *v.* Kennedy, 5 Cranch 172 ; Peters' C. C. 36 ; Albee *v.* Ward, 8 Mass. 86 ; Walbridge *v.* Hall, 3 Verm. 114 ; Smith *v.* Rice, 11 Mass. 513 ; Williams *v.* Blunt, 2 Mass. 213 ; Turner *v.* Bank of America, 4 Dall. 11 ; Hunt *v.* Hapgood, 4 Mass. 122 ; Clapp *v.* Beardsley, 1 Aik. 168 ; Martin *v.* McKenney, Pr. Dec. 380 : Hall *v.* Howd, 10 Conn.

(1) 1 Scam. 403.

Beaubien *v.* Brinckerhoff.

514; Hendrick *v.* Cleaveland, 2 Verm. 329; Powers *v.* People, 4 Johns. 292; Hamilton *v.* Buram, 3 Yerg. 355; Latham *v.* Edgerton, 9 Cowen 227; Stockett *v.* Nicholson, Walker 75; Wooster *v.* Parsons, Kirby 27; Wickes *v.* Caulk, 5 Har. & Johns. 36; McKinzie *v.* Ramsay, 1 Bailey 459; Harvey *v.* Huggins, 2 Bailey 267; See 2 Overt. 215; Den *v.* Turner, 9 Wheat. 541; Hill *v.* Pride, 4 Call 107.

The jurisdiction of superior Courts can be taken away only by express negative words of a statute, or by irresistible implication. Murfree *v.* Leeper, 1 Overt. 1; Burgenhofen *v.* Martin, 3 Yeates 479; Overseers &c. *v.* Smith, 2 Serg. & Rawle 363; Commonwealth *v.* White, 8 Pick. 453; Commonwealth *v.* McCloskey, 2 Rawle 369.

Where different courts have concurrent jurisdiction, that before which proceedings are first instituted, and whose jurisdiction first attaches, has authority paramount to the others, and cannot be ousted of its jurisdiction by subsequent proceedings in those courts. Stearns *v.* Stearns, 16 Mass. 171; Bemis *v.* Stearns, 16 Mass. 203; State *v.* Yarbrough, 1 Hawkes 78; Thompson *v.* Hill, 3 Yerg. 167; See, also, Hall *v.* Dana, 2 Aik. 381; Smith *v.* McIver, 9 Wheat. 532; The Robert Fulton, Paine 621; Eaton *v.* Patterson, 2 Stew. & Port. 9.

Consent of parties cannot confer jurisdiction in a matter which is excluded by law. Bents *v.* Graves, 3 McCord 280; Foley *v.* People, 1 Breese 32; McHenry *v.* Wallen, 2 Yerg. 441; Simpson *v.* McMillion, 1 N. & M. 192; Wells *v.* Reynolds, 1 Const. Rep. 478; Banks *v.* Fowler, 3 Littell 332; McCall *v.* Peachy, 1 Call 55; Brown *v.* McKee, 1 J. J. Marsh. 476; Lindsey *v.* McCleland, 1 Bibb 263; Ormsby *v.* Lynch, 6 Littell 303; See, also, 5 Monr. 388; Cooke 27; Kirby 111; 3 Rand 394; Wright 21, 176; Minor 65; 4 Dev. 264; 3 Caines 129.

But where a court has jurisdiction of the subject matter, and a party has some privilege which exempts him from the jurisdiction, he may waive the privilege. Overstreet *v.* Brown, 4 McCord 79; Cambell *v.* Cowden, Wright 484; Cleaveland *v.* Welsh, 4 Mass. 593; Harrison *v.* Rowan, Peters' C. C. 489.

An objection to the jurisdiction of a Court, if apparent on the record, may be taken in any stage of the proceedings. Martin *v.* Commonwealth, 1 Mass. 347; Lawrence *v.* Smith, 5 Mass. 362; Green *v.* Mangum, 3 Murph. 39; Sweet *v.* Dow, 1 Root 409; Glidden *v.* Elkins, 2 Tyler 218; State *v.* Turner, Wright 21; Humphrey *v.* State, Minor 64; Capron *v.* Van Noorden, 2 Cranch 126; Ketland *v.* The Cassius, 2 Dall. 368.