Haddock *vs.* Waterman.

ALFRED HADDOCK, for the use of B. W. Raymond *et al.*, plaintiff in error, *vs.* JAMES WATERMAN, defendant in error.

### *Error to Kane.*

The right of jurisdiction depends upon facts existing in the county in which it is exercised. When the right to entertain a suit and send abroad process is once established, by proper averments in the declaration, the presumption is, that the process was sent to the proper county.

When the right to commence a suit in a particular county depends upon residence, it must be averred; but when that right depends upon other facts, these must be averred in the declaration, and then the residence need not be averred.

The plaintiff in error commenced an action of assumpsit in the Kane Circuit Court, to recover $150, and sent his process to the sheriff of DeKalb county to execute, which was returned served on the defendant in error. Judgment by default was entered against the defendant, at the April term of the Kane Circuit Court, for the amount claimed. At the same term defendant entered his motion in arrest of judgment, on the ground that the Court had not jurisdiction over the defendant, because there was not an averment in the declaration as to the residence of the defendant. The declaration averred, that the cause of action accrued in Kane county, and that the plaintiff resided in that county at the commencement of the suit. The Court, Theophilus S. Dickey, Judge, sustained the motion, and arrested the judgment. To this the plaintiff excepted, and brought his writ of error.

That portion of the practice act, under which this question arises, is as follows : " It shall not be lawful for any plaintiff to sue a defendant out of the county where the latter resides, or may be found, except in cases where the debt, contract or cause of action accrued in the county of the plaintiff, or where the contract may have specifically been made payable; when it shall be lawful to sue in such county, and process may issue against the defendant to the sheriff of the county where he resides. And in every species of personal actions, in law or equity, when there is more than one defendant, the plaintiff, commencing his action where either of them resides, may have a writ or writs issued, directed to any county or counties where the other defendants or either of them may be found."

I. G. WILSON, for plaintiff in error, cited Rev. Stat., ch. 83; 1 Scam., 57; ibid, 539; ibid, 405; 5 Gilman, 546.

GLOVER & COOK, for defendant in error, cited 3 Scam., 133; 1 Scam., 56; 4 Scam., 302; 1 Scam., 403; 2 Scam., 259; 1 Gilm., 33, 4 Gilm., 546.

Opinion by Mr. Justice CATON:

The declaration in the case of Gillit *vs.* Stone, 1 Scam., 539, was precisely like this, and there the averments were held sufficient to give the Court jurisdiction; and we are disposed to adhere to that decision. But it is supposed that that case was overruled by the subsequent one of Semple *vs.* Anderson, 4 Gilm., 546. It was not so understood or intended by the Court, in making the latter decision. Although, in the opinion of the Court, the former case is not particularly mentioned and commented upon, yet it could not have been overlooked, for it was pressed upon the consideration of the Court, at considerable length, in the argument of the counsel for the defendant in error, as will be seen on page 553 of the report. The decision in this case professed to be in accordance with all the previous decisions on this subject; and, certainly, it was not intended to overrule any thing which had previously been determined. The decisions in these cases can only be reconciled upon the ground that the right of jurisdiction does not depend upon the existence of any fact beyond the county where the suit is brought, but exclusively upon facts existing in the county where the jurisdiction is exercised. What is the right of jurisdiction, as here understood? It is simply the right to entertain the suit of a plaintiff in one county, and to send the process of the Court to reach a defendant beyond that county. When the right to entertain the suit and send abroad the process is once established by proper averments in the declaration, the presumption is, that the process was sent to the proper place; or, in other words, when the jurisdiction is once established, the presumption will be, that the jurisdiction is properly exercised.

Three classes of cases are provided for in sec. 2, ch. 83, R. S., in which the Court may send its process beyond its immediate ordinary jurisdiction. In the first, two facts must concur, and be averred in the declaration, to confer this authority; while

in the last, but one fact is required to exist; which must also be averred. The first is, where the suit is brought against a defendant who does not reside in the county where the suit is instituted. In that case it is required to be averred, to give the Court jurisdiction, that the suit is brought in the county of the plaintiff, and also that the contract or cause of action accrued there. These facts, and these alone, are required by the statute to exist, to authorize the commencement of the suit and sending the process beyond the county; and the case of Gillet *vs.* Stone decides that the declaration need only state these facts; and the cases of Clark *vs.* Harkness, 1 Scam., 56; Key *vs.* Collins, ibid, 403; Shepherd *vs.* Ogden, 2 Scam., 259; Wakeful *vs.* Grundy, 3 Scam., 133; Brown *vs.* Bodwell, 4 Scam., 302, and Clark *vs.* Clark, 1 Gilm., 33, determine that these facts must be averred. The second case provided for is, where the contract upon which the suit is brought is specifically made payable in a particular county. In that event, the suit may be commenced in that county, irrespective of the residence of any of the parties, and the process may be sent to a foreign county. The case of Key *vs.* Collins, and some of the other cases referred to, show that only one fact need be averred in the declaration, to give the jurisdiction. The third case is, where the suit is brought against two or more defendants, residing in different counties, when the action may be brought in a county where either of them resides, when the process may be sent beyond the county to reach the other defendants. Here the jurisdiction, or right to entertain the suit and send abroad the process, depends upon the existence of but one fact, and that is, that one of the defendants resides in the county where the suit is brought. The case of Semple *vs.* Anderson decides that this one fact, upon which the jurisdiction of the Court thus depends, must be averred in the declaration. Now, it will be observed, that upon the existence of certain facts within the county, the statute authorizes the commencement of the suit there, and the issuing of process to another county; and the principle of all these cases seems to be, that the declaration must aver the existence of these facts within the county, and that it is unnecessary to aver the existence of any fact beyond that county, and upon which the right to commence the action is not made to depend. It is true that the statute also states where the process may go—that

is, in the first case, to the county where the absent defendant resides, and, in the second case, to the county where the absent defendant may be found.   But the cases show that the residence of the absent defendant, to reach whom the process is issued, need not be averred; and this must be upon the ground, as before intimated, that the facts being shown which confer the jurisdiction to entertain the suit and issue the process, the presumption is, that the jurisdiction is properly exercised by issuing the process to the place authorized by law.   In this very case it is objected, that the declaration does not show that the defendant was a resident of the county to which the process was sent, although both the facts which the statute requires to authorize the commencement of the suit, are shown to exist.   Should we sustain this objection, then, by the same rule, it would be necessary, when a suit is brought under the other clause of the statute, to hold that the declaration should aver, in addition to the fact required in the case of Semple *vs.* Anderson, that the absent defendant was or would be found in the county to which the process issued.   It was urged that, as in Semple *vs.* Anderson, the return of service upon Semple in St. Clair county was not sufficient to show that he resided there, so as to dispense with the averment of that fact in the declaration, so here the service upon Waterman should not be held sufficient to show that he was a resident of the county where he was served.   But the question is one of pleading and not of evidence.   Admitting that the service might be considered proof of Semple's residence, still that would not dispense with the averment of that fact in the declaration, as his residence in that county was the fact upon which the plaintiff's right to bring his suit in that county depended.   Hence the necessity of averring it in the pleading. Not so here.   This suit is brought under the other clause of the statute, and the right to bring it depended upon other facts than the residence of the defendant, which are averred in the declaration.   Had they not been averred, no proof of their existence would suffice.   Where the right to commence the suit depends upon residence, then it must be averred.   But when that right depends upon other facts, then the residence need not be averred, but only those other facts.   The propriety of this distinction we will not stop to investigate.   It is sufficient that we find it indicated by the decisions.   Were the question before us for

the first time, we might and probably should follow the rule as indicated in the case of Foot *vs.* Stevens, 17 Wend., 483, and hold that none of these averments were necessary, upon the familiar principle that every presumption is in favor of the jurisdiction and proceedings of superior Courts of general jurisdiction. But as it is, we think it our duty to follow the previous decisions which govern this case. The rule, however, which they prescribe, we are certainly not disposed to extend, and require other averments than have been formerly held necessary. As a question of practice, one rule may be as well as another on this subject, and it is far better that rules of practice, when once settled by the tribunal of last resort, should be adhered to, than to keep them constantly fluctuating and uncertain.

Let the judgment be reversed, with costs, and the cause remanded.

*Judgment reversed.*