Oscar C. Werner, Defendant in Error, v. The W. H. Shons Company, Plaintiff in Error.

Heard in this court at the May term, 1929.  Opinion filed September 20, 1929.

JAMES A. WATSON, for plaintiff in error.

B. F. ANDERSON, for defendant in error; JOHN W. BROWNING, of counsel.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

In an action on the case in which plaintiff in error, a partnership, was sued as a legal entity, a judgment was rendered against it by default for $15,000. The suit was brought against it in its firm name by virtue of section 13 of the Practice Act, Cahill's St. ch. 110, ¶ 13, which provides: "Any non-resident person or any co-partnership, the members of which are all non-residents, but having a place or places of business in any county of this State in which suit may be instituted, may be sued by the usual and ordinary name which such person or co-partnership has assumed and under which such person or co-partnership is doing

business and service of process may be had in such county upon such person or co-partnership by serving the same upon any agent of such person or co-partnership within this State.''

The purpose of that statute is to place such partnerships upon a basis similar to that of corporations with reference to bringing suits by service of process upon an agent; *Watson v. Coon,* 247 Ill. 414.

A summons was issued to the sheriff of Pope county and this was his return thereon: ''I have duly served the within writ on the within named W. H. Shons Company, by reading the same to Ernest Basey, an agent of the within named W. H. Shons Company and at the same time delivering a true copy of this writ to the said Ernest Basey, agent as aforesaid, the said W. H. Shons Company or any member of said firm not being found in my county. Dated this 20th day of October, A. D. 1928. E. F. Peel, sheriff.''

The only ground relied upon for a reversal of the judgment is that the court did not obtain jurisdiction of plaintiff in error. It is argued that a lack of jurisdiction appears upon the face of the record because the declaration does not aver, and the sheriff's return fails to show: (1) That plaintiff in error is a co-partnership; (2) that the persons designated as ''The W. H. Shons Company'' are non-residents of Pope county and residents of this State; (3) that plaintiff in error had a place of business in said county.

The contention is that even though all of the statutory facts existed which authorized defendant in error to sue the partnership in its firm name in Pope county, and to procure service upon its agent in that county, yet the court did not acquire jurisdiction of plaintiff in error because such facts were not affirmatively shown in the declaration or in the sheriff's return.

As to the contention that it does not appear from the declaration or the sheriff's return that the plain-

tiff in error is a co-partnership, we would say that the name by which plaintiff in error was sued and described in the declaration imports a co-partnership. *Wahouma Drug Co. v. Clay,* 193 Ala. 79, 69 So. 82.

Section two of the Practice Act provides that it shall be the duty of the sheriff or coroner to serve all process of summons or capias; when it shall be practicable, ten days before the return date thereof, and to make return of such process to the clerk who issued the same, by or on the return day, with an indorsement of his service, the time of serving it, and the amount of his fee, Cahill's Ill. St. ch. 110, ¶ 2.

The sheriff's return complies in all respects with the provisions of that statute. The statute does not require the sheriff to state anything more in his return than he has stated. The return shows a proper service upon the agent of plaintiff in error under section 13 of the Practice Act, Cahill's St. ch. 110, ¶ 13. If the return were imperfect or insufficient that would not warrant us in reversing the judgment. Another statute provides that a judgment shall not be reversed for any imperfect or insufficient return by any sheriff, Cahill's Ill. St. ch. 7, ¶ 6.

Section 13 of the Practice Act, Cahill's St. ch. 110, ¶ 13, under which this suit was brought, has been construed so as to apply to cases where the members of the firm are all residents of the State of Illinois but non-residents of the county in which the suit is brought; *Watson v. Coon,* 247 Ill. 414; *Flexner v. Farson,* 268 Ill. 435; *Joel v. Bennett,* 276 Ill. 537. In the case last cited, it was insisted that the judgment should be reversed because the sheriff's return did not show that plaintiff in error was a resident of the State. In reply to that contention the court said: "If persons who are non-residents of the State are sought to be served under this section and that fact is not shown by the return of the sheriff, it can be shown in a proper way and the service quashed."

If the sheriff is not required to show by his return that a defendant is a resident of this State, we are at a loss to understand why he should be required to show all of the other statutory facts which plaintiff in error insists should be shown by his return.

The next question to be determined is whether all of the statutory facts should be averred in the declaration. Statutes frequently prohibit partnerships from using an assumed or fictitious name that does not disclose the names of the partners, and deny the right of such firms to maintain suits unless they have filed in some public office a certificate disclosing the true names of the members of the firm; 47 C. J. 737. Non-compliance with such statutes, however, is held to be an affirmative defense which must be pleaded and proven by the defendant; 47 C. J. 745.

The statute of 1827 contained the following provisions: "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in cases where the debt, contract, or cause of action accrued in the county of the plaintiff, or where the contract may have been specifically made payable; when it shall be lawful to sue in such county, and process may issue against the defendant to the sheriff of the county where he resides." Under that statute it was held for some time that it was necessary for a plaintiff to aver in his declaration the facts which made it lawful for him to sue the defendant in a county in which the latter did not reside. The following are some of the early decisions to that effect: *Clark v. Harkness,* 2 Ill. 56; *Key v. Collins,* 2 Ill. 403; *Evans v. Crosier,* 2 Ill. 548; *Haddock v. Waterman,* 11 Ill. 474.

As early as *Beaubien v. Brinckerhoff,* 3 Ill. 269, 274, a judgment by default was reviewed on a writ of error and the court held that even though it did not appear from the declaration that the defendant was lawfully

sued out of the county in which he resided, it must be presumed that the facts existed which entitled the plaintiff to sue the defendant out of his county. All of the foregoing cases last mentioned were reviewed in *Kenney v. Greer,* 13 Ill. 432, and the conclusion was there reached that it was unnecessary for the declaration to aver the facts that would authorize the plaintiff to sue the defendant out of his county as it would be presumed that the suit was brought in the proper county in the absence of a showing to the contrary. In the case last cited the court held that unless a defendant, when sued in a foreign county, insists upon the privilege which the statute gives him, either by motion or plea in abatement, it will be presumed either that he has waived his right, or that the facts existed, which authorized a suit against him in a foreign county.

In later cases arising under the statute of 1827 aforesaid, it was held that where process issues to a foreign county, the declaration need not contain any averment as to the residence of the plaintiff, or the accruing of the cause of action; *Gillilan v. Gray,* 14 Ill. 416; *Hardy v. Adams,* 48 Ill. 532.

In the case at bar there is nothing in the record that in any way tends to show that the statutory facts which would authorize this suit to be brought as it was, did not exist. It clearly appears that it was possible under the statute for the court to acquire jurisdiction of plaintiff in error. It has been held that where it is possible for the court to have jurisdiction, it will be presumed the state of facts existed which authorized the court to assume to render judgment; *Wallace v. Cox,* 71 Ill. 548.

Under the foregoing authorities we would not be warranted in holding that the court did not acquire jurisdiction of plaintiff in error. The trial court is a court of general jurisdiction and nothing shall be in-

tended to be out of its jurisdiction except that which specially appears to be so. If any of the statutory facts mentioned in section 13 of the Practice Act, Cahill's St. ch. 110, ¶ 13, did not exist, plaintiff in error should have brought them to the attention of the court by a plea to the jurisdiction. This it failed to do. Where an objection to the jurisdiction of a court of general jurisdiction is founded upon extrinsic facts not apparent from an inspection of the record, the matter must be pleaded in abatement; *Willard v. Zehr,* 215 Ill. 148.

Section 6 of our present Practice Act, Cahill's St. ch. 110, ¶ 6, provides that it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found with certain exceptions. The statute has been materially changed since 1827. There are now but few cases in which a defendant may be sued out of the county where he resides or may be found. Under the present statute the rule is firmly established that where a defendant seeks to raise the question of jurisdiction, in a case where he has been served with summons in another county, he must do so by plea in abatement. He cannot avail of it by demurrer, or by writ of error after default; *Wallace v. Cox,* 71 Ill. 548; *Iles v. Heidenreich,* 271 Ill. 480.

We are of the opinion that the trial court had jurisdiction of the plaintiff in error, and as that is the only question we have been asked to consider, the judgment must be affirmed.

*Affirmed.*