## Eliza Goetz ats. Fred Sona.

1.  PRACTICE—*Opening and Close.*—The mere fact that the general issue is not withdrawn until the jury has been chosen will not prevent the party holding the affirmative from opening and closing the case. It is within the discretion of the court to permit this whenever, during the trial, the defendant assumes the affirmative.

2.  DEFENSES—*Signature Fraudulently Obtained.*—Where the evidence tended to show that a few days after the death of her husband, at a time when she was depressed mentally and physically, the plaintiff called on the defendant (the widow), representing that the administrator had told him to do so in order that she might select the monument, and when she inquired who was to pay for it, plaintiff said, or at least assented to the statement of another person who was present, that the estate would pay for it, and not intending to incur any personal responsibility, and supposing she was merely making a selection for a purchase to be made by the administrator, she signed, without reading, a paper which made her the purchaser and as such responsible for the price, *it was held* sufficient to support her contention that she was deceived and misled by the plaintiff in this respect, and the plea that her signature was fraudulently obtained, amply sustained.

Assumpsit, on a written order, etc.   Appeal from the County Court of Moultrie County; the Hon. ISAAC HUDSON, Judge, presiding.   Heard in this court at the November term, 1895.   Affirmed.   Opinion filed May 16, 1896.

JOHN V. BURNS, R. M. PEADRO and HARBAUGH & WHITAKER, attorneys for appellant.

I. R. MILLS and FRANK SPITLER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was assumpsit to recover $265 upon a written order and contract signed by the defendant for a tombstone to be erected at the grave of her deceased husband.

She filed a plea of non-assumpsit and a special plea alleging that her signature to the order was fraudulently obtained. After the jury had been selected she withdrew the plea of non-assumpsit and relief upon the special plea. Having thus assumed the affirmative she was permitted to

open and close the argument to the jury. Complaint is now made of this ruling but without just cause.

The mere fact that the general issue is not withdrawn until the jury has been chosen will not prevent the party holding the affirmative from opening and closing. It is within the discretion of the court to permit this whenever, during the trial, the defendant assumes the affirmative.

The verdict was for defendant and judgment was accordingly. The evidence offered by defendant tended to show that a few days after the death of her husband, at a time when she was depressed mentally and physically, the plaintiff called on her, representing that the administrator had told him to do so in order that she might select the monument. She inquired who was to pay for it and plaintiff said, or at least assented to the statement of another person who was present, that the estate would pay for it, and not intending to incur any personal responsibility, and supposing she was merely making a selection for a purchase to be made by the administrator, she signed without reading a paper which made her the purchaser and as such responsible for the price.

The evidence sufficiently supports her contention that she was deceived and misled by the plaintiff in this respect, and the plea that her signature was fraudulently obtained is amply sustained, and the jury were warranted in finding as they did, if they believed the testimony so offered by the defendant. There was testimony to the contrary on behalf of the plaintiff, but we think the court was justified in refusing the new trial and in permitting the verdict to stand.

It is complained that the court allowed proof of statements made by the plaintiff a few days after the order was obtained, that he would look to the estate and not to the defendant. The abstract fails to show that objection was made to this testimony at the time. However, we think there was no error in admitting it, since it tended to sustain the defendant's position as to the circumstances and representations attending the execution of the writing in question.

Some objection is urged to the action of the court in modifying instructions asked by the plaintiff. After a careful reading of the entire series, given for both parties, we are satisfied the plaintiff has no good reason to complain.

The law was presented to the jury as strongly as he had any right to ask.

As already observed, if the jury believed the testimony offered by the defendant, the verdict is right.

We see no occasion to interfere, and the judgment will be affirmed.