# Henry A. Gardner v. Mary C. Girtin, Administratrix, Etc.

1. DEPOSITIONS—*Who is a Non-resident.*—A non-resident witness, within the meaning of section 28, chapter 51, R. S., entitled, " Evidence and Depositions," is one who does not reside in or is not a resident of a particular place, either within or without the State.

2. PRACTICE—*Opening and Closing.*—It is within the discretion of the court to permit the defendant to open and close whenever during a trial he assumes the affirmative, and the mere fact that the general issue is not withdrawn until after the jury is chosen and some evidence taken makes no difference.

3. SALES—*For Future Delivery—When Void.*—A sale of goods to be delivered in the future is valid, though there may be an option as to the time of delivering, and though the seller had no other means of getting them than of going into the market and buying them, but if, under the guise of a contract, valid on its face, the real purpose and intention of the parties be merely to speculate in the rise or fall of prices, and the goods are not to be delivered, but the loser is only to pay the difference between the contract and the market price, then the transaction is a wager and is void.

4. PROMISSORY NOTE—*Founded Upon a Wager, Void—Innocent Purchaser.*—A promissory note given upon such an illegal consideration is, under our statute, void in the hands of an innocent purchaser, and such illegality of a part of the consideration will taint the whole.

5. INTENTION—*Of Parties—How Established.*—The intention of the parties to a contract may be established not only by their assertions but also by the attending circumstances.

**Assumpsit,** on a promissory note. Error to the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed February 25, 1897.

F. R. HENDERSON and E. E. DONNELLY, attorneys for plaintiff in error.

J. J. MORRISSEY, attorney for defendant in error.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was assumpsit upon a promissory note for $1,000, signed by Jno. J. Girtin and Wm. C. Girtin, payable to

Nash, Wright & Co., ninety days after its date, September 6, 1889.

The note was indorsed to the plaintiff Gardner. There was no service upon the defendant John J. Girtin. The defendant Wm. C. Girtin made the defense that the note was given for the consideration of a balance due the payees upon certain transactions on the board of trade, in Chicago, which were in violation of the statute against option dealing in grain, and was void for that reason.

There was a verdict and judgment thereon in favor of defendant, and the plaintiff has brought the record here upon a writ of error, making the administratrix of said Wm C. Girtin, who has since died, party defendant thereto.

It is assigned as error that the court suppressed certain depositions taken by the plaintiff. This involves the proper construction of Sec. 28 of Ch. 51, R. S. The plaintiff had given notice that he would sue out a commission to take the depositions of certain named witnesses residing in this State, more than one hundred miles from the place of holding court, upon written interrogatories, pursuant to section 26, and the defendant gave notice under section 28 of his election to have the deposition taken upon interrogatories to be propounded orally, but the plaintiff, conceiving that the last named section is not applicable where the witness resides in this State, obtained a commission to take the depositions upon the written interrogatories, and it was so done; wherefore the court sustained the defendant's motion to suppress.

What is meant by the term " non-resident witness, " as found in the second line of Sec. 28 ?

A non-resident is one who does not reside in or is not a resident of a particular place. One may be a non-resident of the United States or of a State, or of a county, or of any particular place. It is contended by plaintiffs in error that the term as used here refers to one not residing in the State. It may as well refer to one not residing in the county, and there is as much reason for giving the right to oral examination where the witness resides in the State as where he

resides beyond.    It would seem strange that the privilege should be accorded in the one case and denied in the other. By Sec. 25, when the witness resides out of the county, his deposition may be taken orally.

Using the term non-resident in its primary and general sense, indicating one who is not a resident of a particular place, makes the provision applicable whether the witness is in or out of the State which, we have no doubt, was the purpose of the Legislature.    We are therefore inclined to agree with the ruling of the court on this point.    The plaintiff made no motion for a continuance in order to re-take the testimony or to obtain the attendance of the witnesses, but went to trial and produced two of the witnesses in person.    These witnesses so produced seem to have been the most important and their testimony covered the whole subject, generally and in detail, upon which all of the witnesses whose depositions were taken were examined.    It is not apparent that the ruling of the court, if erroneous, caused the plaintiff any particular harm.

It is a common practice where a deposition is suppressed to ask for time in which to retake it or obtain the presence of the witness, and in case the party has acted in good faith, though upon a mistaken view of the law, the court will in its discretion grant reasonable delay.    In this instance where the point involved was the construction of the statute, upon which difference of opinion might well arise, such an application would no doubt have been entertained.    Had it been made and denied, and the party thereby deprived of material testimony, he would have been in better position here.    Not having done so we are disposed to hold that even though the court may have been mistaken in its construction of the statute the judgment should not be reversed for that cause.

Another objection is that the court permitted the defendant to open and close the argument to the jury.    This is based upon the fact that defendant did not withdraw his plea of the general issue until after the trial had begun, when he was permitted to do so and rest his defense upon special pleas in which he assumed the affirmative.

In the case of Goetz v. Sona, 65 Ill. App. 78, we held that it is within the discretion of the court to permit the defendant to open and close whenever during the trial he assumes the affirmative, and the mere fact that the general issue is not withdrawn until after the jury is chosen makes no difference.  We are disposed to apply the rule in this case, where some evidence had been taken before the general issue was withdrawn, and therefore overrule the objection. The chief question in the case is one of fact; that is, as to the character of the transactions between the parties.  It appears that John J. Girtin was without means and was furnished with money and credit by Wm. C. Girtin, his brother, in the business of buying grain at Towanda—shipping and selling through Nash, Wright & Co., a commission firm of Chicago.  This began in 1887.  The transactions were small and at first were strictly legitimate, being confined to the purchase and shipment for sale of corn and oats. In a short time however he began to speculate on the board of trade through this firm, and while he continued to buy and ship grain, yet the speculative feature of their transactions became the more important and resulted in very heavy losses to him.  The note in suit is, no doubt, directly or indirectly, based upon these losses; that is to say, it was directly given for margins, or for a balance due because of money advanced by Nash, Wright & Co. for margins in these speculative transactions.

The dealings between the parties are so commingled that it would require much time and space to point out those which were strictly on account of grain actually shipped by Girtin to Nash, Wright & Co., and by them sold for him, and those which were exclusively on account of grain bought and sold on the board of trade, and, as stated, the losses in these latter were large, aggregating very much more than the amount of the note in suit.  The testimony offered by the defense was to the effect that in these speculative deals there was no intention or expectation that the grain should be delivered, but the purpose in every instance was to settle by the differences.

These trades during the last year involved hundreds of thousands of bushels and were all on margin and all adjusted without the receipt or delivery of grain, either in specie or by warehouse receipt. The plaintiff proved that in every instance the buyer or seller had the right to receive or deliver the grain, and that it was merely a matter of choice or convenience to settle, as was done uniformly, by the differences, and that there was never any design to violate the statute. It is not necessary here to discuss the law applicable in such cases.

It has been so often announced that we need do no more than state the rule that a sale of goods to be delivered in the future is valid though there may be an option as to the time of delivering, and though the seller had no other means of getting them than of going into the market and buying them, but if under the guise of such a contract, valid on its face, the real purpose and intention of the parties be merely to speculate in the rise or fall of prices, and the goods are not to be delivered, but the loser is only to pay the difference between the contract and the market price, then the transaction is a wager and the contract is void. A promissory note given upon such illegal consideration is, under our statute, void in the hands of an innocent holder. Pope v. Hanke, 155 Ill. 617.

Such illegality of the part of the consideration would taint the whole. Tenny v. Foote, 95 Ill. 99. Miles v. Andrews, 40 Ill. App. 155. In this instance it appears the note was transferred without recourse to the plaintiff after maturity.

The intention of the parties may be established not only by their assertions but also by the attending circumstances. We have carefully read the evidence as presented by the abstract, which is very full, as stated by counsel, and we are satisfied the jury were warranted in reaching the conclusion they did upon the main issue before them. It is improbable, not to say incredible, that in all these deals there was any intention to handle the actual grain. John J. Girtin was utterly unable to do so, and so probably was his brother,

who was merely aiding him with money and credit. This was no doubt known to the commission men, who were mainly interested in their commissions, regardless of the results to Girtin. A perusal of the communications between the parties and a consideration of all the circumstances in proof can lead to but the one conclusion, as we think, that these transactions were all illegal and void because the real purpose was merely to speculate in the rise and fall of prices, with no intention to receive or deliver the grain, but merely to pay or receive the difference between the contract price and the market price. Much criticism of the rulings of the court on the admission and rejection of evidence and of its comments in so doing is found in the brief of plaintiff in error. Without going into these matters in detail we think it enough to say that we find nothing very substantial therein. The evidence necessarily took a wide range and the jury were put in possession thereby of the whole affair, so far as susceptible of proof, but we find nothing irrelevant introduced to the prejudice of the plaintiff. Any errors there were are of not such importance as to vitiate the judgment. As to the action of the court in giving, refusing and modifying instructions there is also much complaint.

As frequently happens, there were too many instructions, at least more than was necessary, and there was much repetition, in varying form and with more or less of argument. The series offered on each side was faulty in these respects. After an examination of all that was thus given by the court to the jury we are of opinion that, in view of the evidence and of the issue presented, the jury were not misled and that the plaintiff was not prejudiced in any substantial degree by the instructions given for the defendant when considered in connection with those given for the plaintiff.

On the whole we are of opinion the judgment is responsive to the merits and that there is no such error in the record as should cause a reversal.

It will be affirmed.