JOHN WATSON, Appellee, *vs.* E. G. COON *et al.* Appellants.

*Opinion filed December 21, 1910.*

1. JURISDICTION—*the word "non-resident" does not necessarily mean person residing outside the State.* The word "non-resident" may be used to designate a person who does not reside in a county or smaller governmental subdivision of territory as well as a person who does not reside in the State.

2. SAME—*word "non-residents," used in section 13 of Practice act, relating to suits against partnerships, construed.* The word "non-residents," used in section 13 of the Practice act of 1907, which authorizes service of process upon an agent of a co-partnership "the members of which are all non-residents but having a place or places of business in any county of this State in which suit may be instituted," means non-residents of the county.

3. PARTNERSHIP—*purpose of section 13 of Practice act.* The purpose of section 13 of the Practice act, relating to suits against partnerships the members of which are all non-residents of the county in which they maintain a place of business, is to place such partnerships upon a basis similar to that of corporations with reference to bringing suits by service of process upon an agent.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

OWEN & OWEN, and BARRY & MORRISSEY, for appellants.

HERRICK & HERRICK, for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Appellee brought an action of assumpsit in the circuit court of DeWitt county against E. G. and James S. Coon, partners doing a general grain business under the name of Coon Bros. The defendants did not reside in nor was either of them found or served with process in DeWitt county. Their principal place of business and residence was in Champaign county, but they maintained a place of business in DeWitt county in charge of Thomas Conners as their agent. The sheriff of DeWitt county served the summons upon Thomas Conners as agent of the defendant partnership and made the following return of service: "I have duly served this writ on the within named E. G. Coon and James S. Coon, partners doing business under the firm and style of Coon Bros., by reading the same to and at the same time delivering a true copy thereof to Thomas Conners, agent of said co-partnership, at its place of business in said county of DeWitt, the within named E. G. Coon and James S. Coon being non-residents of and not found in my county, as I am therein commanded, this 24th day of September, 1908." The defendants below appeared in court, and, limiting their appearance for that purpose, entered their motion to quash the return of the sheriff on the ground that the same was void, contrary to the statute and failed to give the court jurisdiction of the persons of the defendants. This motion was overruled and the defendants excepted. A rule was then entered upon them to plead, but the defendants elected to stand by their motion and thereupon were defaulted, and a jury was empaneled to assess the damages, and a verdict and judgment for

$938.86 were rendered against the defendants. This judgment has been affirmed by the Appellate Court for the Third District, and the cause is brought to this court upon a certificate of importance granted by the Appellate Court.

Without stopping to consider whether the question involved was properly raised by a motion to quash the return instead of a plea in abatement, we are disposed to regard the question as properly presented and determine the question of jurisdiction, which was the basis of the certificate of importance granted by the Appellate Court.

Section 13 of the Practice act of 1907 provides as follows: "A co-partnership, the members of which are all non-residents, but having a place or places of business in any county of this State in which suit may be instituted, may be sued by the usual and ordinary name which it has assumed and under which it is doing business and service of process may be had in such county upon such co-partnership by serving the same upon any agent of said co-partnership within this State." Section 6 of the Practice act of 1907 is the same as section 2 of the old Practice act, with an amendment added providing against the use of dummy defendants to obtain jurisdiction of non-resident defendants. That section provides that "it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found," etc.

Appellants contend that, construing sections 6 and 13 together, the word "non-residents" found in section 13 should be held to mean persons who are not residents of the State; that to construe those words as including a co-partnership the members of which were all non-residents of the county in which the suit was brought, would, in effect, deprive appellants of the right to be sued in the county in which they reside, which is given by section 6 of said act. The whole controversy turns on the meaning of the word "non-residents" in section 13 of our present Practice act. A non-resident is a person who is not a resident of a par-

ticular place. The term may be used indiscriminately to describe one who does not reside in a particular country or State or county, or any of the smaller subdivisions of territory made for governmental purposes. The word may as well refer to one not residing in a county as to one who resides beyond the boundaries of the State. (*Gardner* v. *Girtin,* 69 Ill. App. 422; *Gardner* v. *Meeker,* 169 Ill. 40.) It must be presumed that the legislature intended to give litigants some substantial and additional right by passing section 13. If, as appellants contend, service can only be had under said section upon the members of a co-partnership all of whom are non-residents of the State, there would be no substantial difference in proceeding under said section and under our Attachment act, which provides a means by which the property of non-resident defendants in this State may be made subject to their debts. It is a matter of common knowledge that many co-partnerships, especially those engaged in dealing in grain, coal, lumber and other like commodities, transact business in many of the counties of the State other than the county where the partners reside, and that such business is transacted by establishing agents in the different counties where its business is carried on. Prior to the enactment of section 13 a plaintiff residing in Alexander county having a claim against a partnership all of the members of which resided in Cook county was compelled to bring his suit in Cook county because the members of the firm resided there and could not be sued out of the county of their residence, notwithstanding the litigation grew out of a transaction with an agent in Alexander county and all of the witnesses thereto also resided in such county. It has long been the law of this State that a corporation could be sued and jurisdiction obtained in any county in the State and service had upon an agent of such corporation. We think that the intention of the legislature in passing section 13 was to place co-partnerships upon a basis somewhat similar to corporations.

247—27

The court below had jurisdiction of the persons of appellants, and there is no error in the judgment of the Appellate Court affirming the judgment of the lower court.

Judgment affirmed.