(No. 11056.)

J. A. JOEL, Defendant in Error, *vs.* JAMES E. BENNETT, Plaintiff in Error.

*Opinion filed December 21, 1916—Rehearing denied Feb. 16, 1917.*

1. PROCESS—*provision of section 13 of Practice act as to service of process is valid.* The provision of section 13 of the Practice act that any "non-resident" who has a place of business in any county of Illinois in which suit may be instituted may be sued in the usual and ordinary name under which he is doing business and that service of process may be had in the county upon any agent of such person, refers to persons who are non-residents of the county but residents of the State, and, so construed, is valid.

2. SAME—*legality of service of summons on an agent of a non-resident of county.* Under the provision of section 13 of the Practice act relating to the service of process on an agent of a non-resident of the county where the suit was brought, in which the non-resident has a place of business, the sheriff can serve the summons legally on the agent only in case the defendant is a resident of this State, and if a non-resident of the State is sought to be served in such manner, the fact of such non-residence, if not shown by the return itself, may be shown in a proper way and the service quashed.

3. CONSTITUTIONAL LAW—*the courts will so construe a statute, if possible, as to uphold it.* Courts will not construe a statute so as to render it unconstitutional if any other reasonable construction can be placed upon it which will uphold it, and every reasonable doubt should be resolved in favor of the validity of the statute.

4. SAME—*rule where law is invalid only as applied to particular conditions.* If a statute is valid as applied to general conditions yet its application to particular conditions will destroy constitutional rights, the statute will be held invalid only as applied to the particular conditions.

5. SAME—*rule where portion of a statute is invalid.* Where a portion, only, of a statute is invalid the remainder of the act will stand unless the invalid portion is so much a part of the statute that it is not reasonable to presume the legislature would have passed the act without it; and this rule is not limited to instances where distinct parts of an act are invalid, but applies as well to exclude from the operation of the statute subjects and classes outside of the legislative intent although comprehended within the general terms of the act.

DUNN and COOKE, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. R. J. GRIER, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH, and H. J. DARBY, of counsel,) for plaintiff in error.

C. M. HUEY, and L. E. MURPHY, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a writ of error to review a judgment of the circuit court of Warren county entered in July, 1916, for $582.85, in favor of defendant in error and against plaintiff in error. The case has been brought directly to this court on the ground that the statute under which the summons in the cause was served is unconstitutional.

The return of the sheriff of Warren county is as follows: "I have duly served this writ on the within named James E. Bennett, trading as James E. Bennett & Co., by reading the same and at the same time delivering a true copy thereof to William J. Loesch, agent of said James E. Bennett, trading as James E. Bennett & Co., at his place of business in said county of Warren, the within named James E. Bennett, trading as James E. Bennett & Co., being a non-resident and not found in my county, as I am herein commanded, this 29th day of January, A. D. 1916." No personal service was ever had upon the plaintiff in error. His counsel entered for him a special appearance, especially limited and qualified to question the jurisdiction of the circuit court, and moved the court, in writing, to quash said service and summons on the ground that section 13 of the Practice act, under which said service was made, was unconstitutional.

Said section 13, so far as it applies to this question, reads as follows: "Any non-resident person * * * having a place or places of business in any county of this State in which suit may be instituted, may be sued by the usual

and ordinary name which such person  *  *  *  has assumed and under which such person  *  *  *  is doing business and service of process may be had in such county upon such person  *  *  *  by serving the same upon any agent of such person  *  *  *  within this State." (Hurd's Stat. 1916, p. 1990.)

Counsel for plaintiff in error argue that this provision of section 13 applies to all non-residents of the county upon whom service is had, whether they reside in other counties of this State or outside the State, and that as the judgment in this case is *in personam* and not *in rem,* the statute must be held invalid as in violation of the due process clauses of the constitution of this State and of the fourteenth amendment to the Federal constitution, under the reasoning of the authorities in this and other jurisdictions. *Flexner* v. *Farson,* 268 Ill. 435, and cases cited.

Counsel for defendant in error concede that if said section 13 must be construed as contended for by opposing counsel it is unconstitutional so far as it applies to persons residing outside of this State, but they insist that the word "non-resident," as used in that section of the Practice act, can be construed as applying only to persons who are non-residents of the county where the service is had but are residents of this State. In *Watson* v. *Coon,* 247 Ill. 414, this court, in construing said section 13 of the Practice act, held that the word "non-resident," as used in the section, included people who resided in other counties within the State, and sustained the service and summons in that case. It is true, however, as argued by counsel for plaintiff in error, that the constitutionality of the statute was not there being considered.

Every presumption must be made and every reasonable doubt resolved in favor of the validity of a statute. If a statute is capable of two constructions, one of which will render it invalid and the other valid, the court should adopt the construction which will uphold the validity of the act.

(*Hogan* v. *Akin,* 181 Ill. 448.) Courts will not construe a statute so as to make it unconstitutional if any other reasonable construction can be placed upon it which will. make it effectual. A law may be enacted in such general terms that it will apply to all conditions of fact and not be prohibited by the constitution, and yet if applied to particular conditions of fact it would destroy constitutional rights and the application of the law to such particular conditions of fact would be unconstitutional, but in such case the law is invalid only as applied to the particular conditions and valid as applied to other conditions. (*People* v. *Rodenberg,* 254 Ill. 386.) It is the general rule, also, that only the invalid parts of a statute are without legal effect, provided the invalid parts are not so blended with and a part of the rest of the act that the legislature would not have passed the remainder of the act without the unconstitutional portion. (*Sheldon* v. *Hoyne,* 261 Ill. 222.) This general rule is not limited to instances where distinct parts of an act are invalid. It applies as well to exclude from the operation of the statute, without rendering such statute invalid, subjects and classes lying without the legislative intent although comprehended within the general terms of the act. (*People* v. *Butler Street Foundry Co.* 201 Ill. 236.) "A legislative act may be entirely valid as to some classes of cases and clearly void as to others. A general law for the punishment of offenses which should endeavor to reach, by its retroactive operation, acts before committed as well as to prescribe a rule of conduct for the citizen in the future would be void so far as it was retrospective, but such invalidity would not affect the operation of the law in regard to the cases which were within the legislative control. A law might be void as violating the obligation of existing contracts but valid as to all contracts which should be entered into subsequent to its passage, and which therefore would have no legal force except such as the law itself

would allow. In any such case the unconstitutional law must operate as far as it can, and it will not be held invalid on the objection of a party whose interests are not affected by it in a manner which the constitution forbids. If there are any exceptions to this rule they must be of cases, only, where it is evident, from a contemplation of the statute and of the purpose to be accomplished by it, that it would not have been passed at all except as an entirety and that the general purpose of the legislature will be defeated if it shall be held valid as to some cases and void as to others." Cooley's Const. Lim. (7th ed.) 250; *City of Chicago* v. *Wolf,* 221 Ill. 130.

While this section of the Practice act is so worded that its construction on the question here involved is not entirely free from doubt, we think, under the reasoning in *Watson* v. *Coon, supra,* it can be reasonably construed so that the word "non-resident," as used therein, shall apply only to non-residents of the county who are residents of the State. Manifestly, the legislature might well have enacted this section with that meaning. It is conceded by counsel for the plaintiff in error that an act so limited would be constitutional. This court has held that matters upon which the legislature has no power to pass will be excluded from the statute although included within the general terms of the act. (*People* v. *Butler Street Foundry Co. supra.*) "A law which is unconstitutional within certain limitations, if in terms it exceeds or fails to notice those limitations, may yet be entirely operative within its legitimate sphere and properly held to have the application which thus confines it. Indeed, where two governments, like those of the United States and the commonwealth, exercise their authority within the same territory and over the same citizens, the legislation of that which as to certain subjects is subordinate should be construed with reference to the powers and authority of the superior government and not be deemed as

invading them unless such construction is absolutely de-
manded." *Commonwealth* v. *Gagne,* 153 Mass. 205.

Under the reasoning of these and similar authorities in
this and other jurisdictions this act must be held constitu-
tional, as intending to apply only to residents of the State
who are non-residents of the county where service is had.
The reasoning in *Flexner* v. *Farson, supra,* in passing on
the Kentucky statute, is not in any way controlling as to
this statute, as the Kentucky statute there in question used
language which clearly and plainly applied only to people
residing in other States and not in Kentucky.

Counsel for plaintiff in error further insist that even
though the statute be held constitutional and as meaning
just as we have construed it, still this case should be re-
versed because the return of the sheriff does not show that
plaintiff in error was a resident of the State; that a sheriff's
return cannot be pieced out by intendments and references
but that the jurisdiction of the court must be shown by the
return itself. The authorities cited by counsel on this ques-
tion are none of them on all-fours with this case. Neither
do we consider the reasoning in any of them as controlling
here. The return in *Watson* v. *Coon, supra,* was worded
substantially as was the return in this case, and that return
was held good.

This statute being construed as applying only to resi-
dents of the State and not as applying to those living out-
side of the State, the conclusion necessarily follows that un-
der it the sheriff can only serve the summons legally in cases
where a principal residing in this State is reached by sub-
stituted service on persons in the county. If persons who
are non-residents of the State are sought to be served un-
der this section and that fact is not shown by the return of
the sheriff, it can be shown in a proper way and the ser-
vice quashed.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*

DUNN and COOKE, JJ., dissenting:

We concur in the foregoing opinion's holding that section 13 of the Practice act is valid as to residents of this State who are not residents of the county but invalid as to non-residents of the State. We do not concur in holding the sheriff's return sufficient. Ordinarily service of summons must be personal, and the return of the sheriff must show such personal service on the defendant before he can be held in default. If a statute authorizes substituted or constructive service in any case,—as here, service upon another instead of personal service on the defendant,—the return showing such substituted service must show that the case is within the statute authorizing such service. Therefore, when it is decided, as it is now decided, that the statute authorizes service upon an agent in the county only where the defendant is a resident of the State but not of the county, the return of service should show the fact that the defendant is a resident of the State and not a resident of the county, otherwise it does not appear that the case is one in which the statute authorizes service upon an agent instead of personal service on the defendant.

It is true that the return is practically identical with that in the case of *Watson* v. *Coon,* 247 Ill. 414, but the objection made in that case was, that the word "non-residents," in section 13, meant only non-residents of the State. The validity of the section as to non-residents of the State was not questioned, but, on the contrary, it was contended that it was only to such non-residents that it applied. The court held that the section applied to residents of the State as well as non-residents of the State, and, upon the assumption that it applied to all non-residents of the county, held the return sufficient. The court decided the question presented by counsel, and that only. It is now decided that the section does not apply to non-residents of the State, and therefore the return should show that the defendant was a resident of the State but not of the county, in order to show service in accordance with the statute.