---

(No. 13953.—Reversed and remanded.)
L. T. JACKSON *et al.* Appellants, *vs.* FRANCIS G. BLAIR, Superintendent of Public Instruction, *et al.* Appellees.

*Opinion filed June 22, 1921—Rehearing denied October 7, 1921.*

1. SCHOOLS—*when doctrine of laches will not preclude review of decision of State superintendent.* The doctrine of *laches* does not preclude a review of the decision of the Superintendent of Public Instruction on a petition for a writ of *certiorari* in a proceeding for the detachment of territory from a township high school district, even though the petition for review is not filed for more than two years after the proceeding was instituted, provided there is nothing in the record to indicate that great public inconvenience or detriment will be caused in case the proceeding is quashed on the review. (*People* v. *Burdette,* 285 Ill. 48, distinguished.)

2. CONSTITUTIONAL LAW—*when invalid provision renders entire act void.* A law may be held void as to certain parts and valid as to others, but in such case it must be clear that it was the purpose of the law to accomplish two or more objects which can be separated from each other; and if the purpose is to accomplish a single object and the provisions are so dependent on each other as to warrant the conclusion that the legislature would not have passed a portion of the statute independently, all the provisions must be held invalid if a part of the statute is unconstitutional.

3. SAME—*section 90 of the School law, providing for change in boundaries of community or township high school districts, is invalid.* Section 90 of the School law, as amended in 1917, providing for a change in boundaries of community or township high school districts, is invalid, as the provision delegating authority to the Superintendent of Public Instruction to change boundaries on appeal in such a proceeding is a delegation of legislative power, and the invalid provision is so connected with the other provisions of the section that the section must be held invalid.

APPEAL from the Circuit Court of Stark county; the Hon. CHARLES V. MILES, Judge, presiding.

J. H. RENNICK, T. W. HOOPES, and F. B. BRIAN, for appellants.

EDWARD J. BRUNDAGE, Attorney General, (CLARENCE N. BOORD, of counsel,) for appellee Francis G. Blair.

MARSH & RICE, and JOHN W. FLING, JR., for other appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a petition for *certiorari* filed September, 1920, in the circuit court of Stark county, to review three proceedings for the detachment of territory from Toulon Township High School District No. 4, in that county, one being the proceeding of the *ex-officio* board of Stark county, including the subsequent appeal to the Superintendent of Public Instruction, and the other two being the proceedings of the *ex-officio* boards of Stark and Knox counties, including subsequent appeals to said State superintendent. All of said proceedings were had before said boards and the superintendent under the provisions of section 90 of "An act to establish and maintain a system of free schools," in force June 12, 1909, as amended in 1917. (Hurd's Stat. 1917, p. 2649.) On the return of the Superintendent of Public Instruction showing the records in his office the cause was heard on motion of appellees to quash the writ of *certiorari* and on motion of appellants to quash the record, whereupon the motion of appellees was sustained and an order was entered quashing the writ at petitioners' cost. This appeal was brought direct to this court.

It is first argued by counsel for appellees that the proceedings before this court are barred by *laches;* that the first petition for the detachment of a portion of said high

school district was made August 1, 1917, and the decision on appeal before the Superintendent of Public Instruction ordering a detachment was made March 13, 1918; that the other two petitions were filed before the proper boards a few months later and the appeal to the Superintendent of Public Instruction taken in due course; that the petition for the writ of *certiorari* was not filed until September, 1920, practically two and a half years after the first petition for detachment was filed before the board in Stark county and more than two years after the filing of the other petitions, and that therefore, under the reasoning of this court in *People* v. *Burdette,* 285 Ill. 48, and authorities there cited, the delay was such as to deprive appellants of the right to a review in this court.

There can be no question, under the reasoning of *People* v. *Burdette, supra,* and authorities there cited, that the delay would bar the hearing by this court if this were the same sort of a case as was there under consideration. But that case involved the holding of a position under the Civil Service law, and this court by various decisions, notably *Clark* v. *City of Chicago,* 233 Ill. 113, had established a rule that in that class of cases the review must be brought by *certiorari* within six months or the action would be barred by *laches.* This court in *Schlosser* v. *Commissioners of Highways,* 235 Ill. 214, in reviewing the *Clark case,* held that that rule did not apply in proceedings to review the orders of public authorities as to vacating roads and laying out new ones, giving the reasons why in civil service proceedings public interest demanded speedy action. In the quite recent case of *Fisher* v. *McIntosh,* 277 Ill. 432, the doctrine of the *Schlosser case* was approved with reference to review proceedings as to the boundaries of school districts under *certiorari,* and it was said that the doctrine of *laches* had no application in those cases, and that the period of limitation named in the *Clark case* would not apply to writs of error to review proceedings "where nothing has

been done, as in these cases, by the public authorities which will cause great public detriment or inconvenience in case the proceedings are quashed." This record does not indicate such public inconvenience or detriment as would require the quashing of these proceedings; we do not think the doctrine of *laches* can be invoked to prevent the review of these proceedings.

Section 90 of the School law, after providing in its earlier provisions for detaching territory 'from one high school district and adding it to another on petition presented to the county superintendent of schools, the county judge and the county clerk, further provides: "In all cases involving the change of boundary of high school districts an appeal may be taken to the Superintendent of Public Instruction, and the Superintendent of Public Instruction, on appeal, shall have authority to order a change in boundaries of all abnormal high school districts with a view of making each high school district consist of compact and contiguous territory comparatively easy of access to all the pupils of the district, and to the end that justice shall be done." (Hurd's Stat. 1917, p. 2649.)

It is insisted by counsel for appellants that the provision of section 90 just quoted confers upon or delegates to the State superintendent legislative authority; that a law must be complete when it leaves the legislature, and an act which leaves it to the discretion of an executive officer as to what the law shall be and fixes no standard by which it can be determined whether the act will apply or not is unconstitutional and void. They contend that the act delegates to the State superintendent the right to determine and decide in his own discretion whether or not the boundaries of the district are normal and whether or not the district is compact and contiguous and the school building easy of access to all the pupils in the district and does not preclude him from changing the boundary in any way that in his own

judgment he may see fit; that under the reasoning of this
court in *Kenyon* v. *Moore, 287* Ill. 233, this provision of
section 90 as to boundaries of high school districts must be
held unconstitutional. It is stated by counsel for appellees
that the provision of the section just referred to may be
unconstitutional and void, but it is most earnestly insisted
that that provision can be held unconstitutional without
holding the entire section unconstitutional; that the law is
that a legislative act may be entirely valid as to some classes
of cases and clearly void as to others; (Cooley's Const.
Lim.—7th ed.—250; *Joel* v. *Bennett, 276* Ill. 537, and
cases there cited;) that the quoted provision provides for
an appeal to the Superintendent of Public Instruction in
every detachment proceeding which has been presented to
and acted upon by the *ex-officio* board, and that upon such
appeal the State superintendent has only the same power
and authority to grant or deny the prayer of the petition
as was given to the *ex-officio* board originally by this sec-
tion; that this bare right of appeal in such case is the chief
intent of the provision, and that the power granted to him
to change the boundaries of abnormal districts with a view
to making such districts of compact and contiguous terri-
tory is not at all necessary to the bare right of appeal.

While it has been held that a law may be void as to cer-
tain parts and valid as to others, in such cases it must be
clear that it was the purpose of the law to accomplish two
or more objects, the one which is void and the one which
is valid being complete each in itself and with no difficulty
in separating the bad from the good parts. But if the pur-
pose of the law is to accomplish a single object, only; if
its provisions are mutually so connected and dependent on
each other, as conditions, consideration or compensations
for each other, as to warrant the belief that the legislature
intended them as a whole, and that if all cannot be carried
into effect the legislature would not have passed the residue

298—39

independently, then, if some parts are unconstitutional, all the provisions are so dependent that they must all fall and be held unconstitutional also.  (*Joel* v. *Bennett, supra.*) Reading the entire section 90 together, we think it is clear that the legislature intended to provide that the high school districts should originally be formed so as to make the territory compact and contiguous and not abnormal in size, but if a mistake was made in fixing the boundaries of the districts in any of those respects interested parties might appeal to the Superintendent of Public Instruction, and the superintendent would be authorized to change the boundaries of a district on such hearing so as to make the district compact and·contiguous and easy of access to all the pupils of the district, and that the legislature would not have passed the act at all with reference to the State superintendent's authority in that regard if it had intended to limit his powers on appeal, as argued by counsel for appellees.   In our judgment no other conclusion can be fairly reached than that the legislature, by inserting the unconstitutional provision, made the constitutional provisions so dependent thereon that the whole section, both the void part and those which might otherwise be valid, must fall together.  For that reason the circuit court erred in sustaining the motion to quash the writ instead of the motion to quash the record.

Other questions are raised in the briefs, which, in view of our conclusion on this vital question as to the unconstitutionality of the act itself, it is unncessary for us to consider or decide.

The judgment of the circuit court is reversed and the cause remanded to that court, with directions to sustain the motion to quash the record.

*Reversed and remanded, with directions.*