(No. 14237.—Judgment affirmed.)

THE PEOPLE *ex rel.* Harry C. McVeigh, Appellant, *vs.*
THE GLEN ELLYN TOWNSHIP HIGH SCHOOL DISTRICT,
Appellee.

*Opinion filed February 22, 1922.*

1. SCHOOLS—*the curative act of June 24, 1921, is valid.* The
curative act of June 24, 1921, validating irregularities in proceed-
ings for the annexation of territory to township or community
high school districts, is a valid act. (*People* v. *Opie, ante,* p. 11,
followed.)

2. SAME—*when curative act of June 24, 1921, may be applied.*
The validating act of June 24, 1921, may be applied to validate de-
fects in the organization of a township high school district arising
out of the invalidity of certain provisions of section 90 of the
School law. (*Milstead* v. *Boone, ante,* p. 213, followed.)

CARTWRIGHT and DUNN, JJ., dissenting.

APPEAL from the Circuit Court of DuPage county; the
Hon. MAZZINI SLUSSER, Judge, presiding.

C. W. REED, State's Attorney, (CHARLES S. KNUDSON,
of counsel,) for appellant.

CHARLES S. WILLISTON, and JOHN W. LEEDLE, (E. J.
ANDREWS, of counsel,) for other tax-payers.

CHILDS, LOCKE & VANSCHAICK, (SAMUEL W. NORTON,
of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a *quo warranto* proceeding filed in the circuit
court of DuPage county by the State's attorney of that
county on the relation of a certain tax-payer, which brings
up the question of the constitutionality of certain so-called
validating acts passed by the legislature in 1921. A plea
was filed by the authorities of the Glen Ellyn Township
High School District, to which the State's attorney de-
murred. After a hearing in the trial court the demurrer

was overruled, and appellant electing to stand by the demurrer, the court found the issues for appellee and judgment was rendered in its favor, with costs against appellant, whereupon an appeal was prayed to this court.

The information alleged, among other things, that the high school district was illegally constituted because the proper steps had not been taken under the statute in annexing certain territory to the district, and it was claimed that this territory was improperly considered and held by the authorities of the school district as a part of the district and taxes were being levied on the property so improperly annexed. The plea of appellee stated, among other things, that however improper the original annexation of said territory may have been, it was cured by the act of June 24, 1921. (Laws of 1921, p. 828.)

Practically the same authorities are urged by appellant in this case as to the unconstitutionality of the curative act of June 24 as were urged and pressed upon the attention of this court in *People* v. *Opie*, (*ante*, p. 11,) and under the reasoning in that decision it must be held that the objections to the constitutionality of the curative act of June 24, 1921, can no more be urged to show the unconstitutionality of the last named act than could be urged against the constitutionality of the curative act of May 10, 1921, (Laws of 1921, p. 797,) which was held valid in *People* v. *Opie, supra.* Under the reasoning of that case and the authorities there cited it must be held that the objections to the validity of the curative act of June 24, 1921, are without force, and it follows that the last named act must be held valid.

Although the pleadings do not raise the question of the unconstitutionality of section 90 of the School law, which was held unconstitutional by this court in *Jackson* v. *Blair*, 298 Ill. 605, that question is argued in the briefs for appellant. Under the reasoning of this court in *Milstead* v. *Boone*, (*ante*, p. 213,) it must be held that the curative act

of June 24, 1921, validated any defects in the organization of the district growing out of the unconstitutionality of section 90 of the School law.

In our judgment the opinions in the two cases adopted at the last term of this court dispose fully of all the objections raised in this case as to the constitutionality of the curative act of June 24, 1921.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*

CARTWRIGHT and DUNN, JJ., dissenting.