(No. 19423.

RALPH HITCHENS, Appellee, *vs.* JAMES E. BENNETT *et al.* Appellants.

*Opinion filed April 17, 1930—Rehearing denied June 5, 1930.*

MOSES, KENNEDY, STEIN & BACHRACH, and DUNCAN & O'CONOR, (WALTER BACHRACH, WALTER H. MOSES, and ARTHUR MAGID, of counsel,) for appellants.

BUTTERS & BUTTERS, and WOODWARD, HIBBS & POOL, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, Ralph Hitchens, began an action of trespass on the case in the circuit court of LaSalle county against James E. Bennett, Frank J. Saibert, Frank A. Miller, Frank F. Thompson, Thomas Bennett and Emmett G. Barker, partners doing business as James E. Bennett & Co. A summons issued to the sheriff of LaSalle county was returned as follows:

"I have duly served the within summons upon the within named James E. Bennett, Frank J. Saibert, Frank A. Miller, Frank F. Thompson and Emmett G. Barker, partners doing business under the firm name, style and description of James E. Bennett & Co., by reading the same and at the same time delivering a true copy thereof to M. L. Lavelle, agent of said James E. Bennett, Frank J. Saibert, Frank A. Miller, Frank F. Thompson and Emmett G. Barker, partners doing business under the firm name, style and description of James E. Bennett & Co., for each of them at his place of business in said county of LaSalle, the within named James E. Bennett, Frank J. Saibert, Frank A. Miller, Frank F. Thompson and Emmett G. Barker, partners doing business under the firm name, style and description of James E. Bennett & Co., being non-residents of and not found in my county, as I am herein commanded, this 30th day of September, 1927; the within named Thomas Bennett not being a resident of the State of Illinois nor being found in my county, he being a resident of the State of New York, this 30th day of September, 1927."

All of the partners except Thomas Bennett entered a limited appearance and moved to quash the service and the return of the sheriff. The motion to quash was overruled, all defendants except Thomas Bennett were ruled to plead, no pleas were filed, all defendants except Thomas Bennett were defaulted, a jury was selected and a verdict returned in favor of appellee for $250. Judgment was rendered

against all defendants except Thomas Bennett, and an appeal has been prosecuted to this court.

As ground for reversal it is urged that section 13 of the Practice act, under which the summons was served, is unconstitutional because it denies due process of law when applied to service in personal actions upon natural persons or corporations; that the section does not authorize service upon the agent of a co-partnership where one or more of the partners are not residents of the State, but service can only be had under that section where all of the co-partners reside in the State but outside of the county where they are doing business and where the suit is begun and the service is obtained, and that the return is defective because it fails to show that the co-partnership had a place of business in LaSalle county.

Section 13 of the Practice act provides: "Any non-resident person or any co-partnership, the members of which are all non-residents, but having a place or places of business in any county of this State in which suit may be instituted, may be sued by the usual and ordinary name which such person or co-partnership has assumed and under which such person or co-partnership is doing business, and service of process may be had in such county upon such person or co-partnership by serving the same upon any agent of such person or co-partnership within this State."

In *Watson* v. *Coon*, 247 Ill. 414, the defendants, E. G. and James S. Coon, were grain dealers doing business in DeWitt county, where they had a place of business and an agent, but both defendants lived in Champaign county. Suit was brought in DeWitt county and service was had upon them in that county upon their agent. A motion to quash the return was overruled. The question at issue was the construction of section 13. It was held that the word "non-resident," as used in the section, may be used to designate a person who does not reside in a county or smaller governmental subdivision or territory as well as a person

who does not reside in the State; that that word, as used in the statute, means non-residents of the county, and it was held that the service upon the defendants was good. The return on the summons was set out in the opinion, but no point was made as to the form of the return or as to the constitutionality of the statute.

In *Joel* v. *Bennett,* 276 Ill. 537, suit was brought in Warren county against James E. Bennett, who was a non-resident of that county but was doing business in that county under the name of James E. Bennett & Co. Service was had upon him in Warren county under section 13, the summons being served upon his agent in that county. A limited appearance was entered. A motion was made to quash the return, and it was contended that the statute was unconstitutional. Counsel for Bennett urged that section 13 applies to all non-residents of the county upon whom service is had, whether they reside in another county of the State or outside of the State, and as the judgment is *in personam* and not *in rem,* the statute must be held invalid on the ground that it is in violation of the due process clause of the constitution of this State and of the fourteenth amendment to the Federal constitution. Counsel for Joel conceded that if section 13 were construed as contended for by defendant it would be unconstitutional in so far as it applies to persons residing outside of the State, but they insisted that the word "non-resident" must be construed as applying only to persons who are non-residents of the county where the service is had but who are residents of the State. It was held that the section applies to persons who are non-residents of the county but are residents of the State, and the section as construed was held to be constitutional. Counsel who represented the defendant in that case represent the same defendant in this case, and the opinion states that "it is conceded by counsel for plaintiff in error that an act so limited would be unconstitutional." The motion to quash the return in that case was on the ground that it did

not show that plaintiff in error resided in the State, and the motion was overruled. There was a dissenting opinion as to the sufficiency of the return but not as to the constitutionality of the statute as construed. The holding in the last case is conclusive of the question of the constitutionality of this section.

The language of section 13 is that "any non-resident person or any co-partnership, the members of which are all non-residents," etc. Under the provisions of this statute and the holding of this court in its construction, in order for this statute to have application in any case it is necessary that all of the members of the co-partnership must be non-residents,—that is, all of them must reside outside of the county in which the suit is begun and the service is had but all of them must live in this State. The return in this case shows, and it is conceded, that Thomas Bennett was not a resident of Illinois but lived in New York. Therefore the service under section 13 did not apply to the facts in this case and the court should have quashed the service and the return.

It is insisted that the return is defective because it fails to show that the co-partnership had a place of business in LaSalle county, where the summons was served and where the suit was begun. In *Joel* v. *Bennett, supra,* the return was in almost the identical language of the return in this case, and it was substantially the same as the return in *Watson* v. *Coon, supra.* It was held in both cases that the return was good and gave the court jurisdiction of the parties.

The judgment is reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*