(No. 46273.—

THE PEOPLE *ex rel.* DAVID PIERCE *et al.*, Appellants, v. MICHAEL E. LAVELLE *et al.*, Appellees.

*Opinion filed January 23, 1974.*

Thomas R. Meites, of Chicago, and Thomas F. Londrigan, of Springfield, for appellants.

William J. Scott, Attorney General, of Springfield (Thomas H. Price, Jr., and Douglas G. Olson, Assistant Attorneys General, of counsel), for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

Petitioners filed suit in the circuit court of Sangamon County seeking a writ of *mandamus* compelling the respondents, members of the State Electoral Board, to take the steps necessary to hold an election for senator in 1974 in each of the State's 59 legislative districts. The circuit court granted respondents' motion for summary judgment. The appeal came directly to this court pursuant to Rule 302(b). 50 Ill.2d R. 302(b).

This action involves the legal effect of the 1972 elections to the General Assembly. Respondents, who were members of the State Electoral Board (Ill. Rev. Stat. 1971, ch. 46, par. 7—14), refused petitioners' request to schedule elections for senator in all legislative districts in 1974. Subsequent to oral arguments in this appeal, the Governor appointed a State Board of Elections as prescribed by Senate Bill No. 1198 of the 78th General Assembly (Public Act 78—918, effective October 22, 1973), which implements section 5 of article III of the 1970 Constitution, vesting the duty of supervision of State elections in a State Board of Elections. The persons appointed by the Governor to the State Board of Elections have fulfilled the qualification requirements imposed by Public Act 78—918,

and have now assumed their official duties. Upon motion of the Attorney General, the members of the State Board of Elections have been substituted as respondents in this case and the members of the former State Electoral Board have been dismissed. Due to these developments, it is no longer necessary to consider the contention of the former respondents that they are not proper parties to the action.

The facts leading to this litigation concerning the legal effect of the 1972 State senatorial elections are somewhat involved. Article IV of the 1970 State Constitution provides a plan for legislative apportionment. Section 3 of article IV states that reapportionment of legislative districts shall occur in the year following each Federal decennial census. Initially, under the Constitution, redistricting is the responsibility of the General Assembly. However, if the General Assembly fails to adopt a redistricting plan by June 30, the responsibility is shifted to an eight-member Legislative Redistricting Commission. Upon completion and approval of the plan by the Commission, it must be filed with the Secretary of State.

In 1971 the General Assembly was unable to adopt a redistricting plan itself by the June 30 deadline. A Legislative Redistricting Commission was then constituted which formulated a redistricting plan. In *People ex rel. Scott v. Grivetti,* 50 Ill.2d 156, we held that the Commission was improperly formed and lacked *de facto* existence. Although the plan adopted by the Commission was found to meet State and Federal constitutional requirements, we held that as the product of an invalid Commission it could have no legal effect. To fill the vacuum created by the nullification of the Commission's work, we adopted its plan as a provisional redistricting plan for the 1972 elections to the General Assembly, and ordered that a plan for subsequent elections be adopted pursuant to the constitutional provisions. In June, 1973, the General Assembly adopted a redistricting plan identical to the plan which had been formulated in 1971 by the

Legislative Redistricting Commission and adopted by this court as a provisional plan.

It is the petitioners' contention that because the 1972 elections were held under a judicially adopted provisional redistricting plan, rather than one adopted pursuant to the constitutional scheme, all senators elected in 1972 were elected for only two years and senators must again be elected in all districts in 1974. Section 2(a) of article IV of the Constitution provides:

> "(a) One Senator shall be elected from each Legislative District. Immediately following each decennial redistricting, the General Assembly by law shall divide the Legislative Districts as equally as possible into three groups. Senators from one group shall be elected for terms of four years, four years and two years; Senators from the second group, for terms of four years, two years and four years; and Senators from the third group, for terms of two years, four years and four years. The Legislative Districts in each group shall be distributed substantially equally over the State."

In 1971 the General Assembly passed an act to implement this staggered-term provision of the Constitution. (Ill. Rev. Stat., 1972 Supp., ch. 46, pars. 811-813.) The Act divides the 59 legislative districts into three groups of 20 districts, 20 districts and 19 districts each. It further provides that each group shall have as its first district number one of the numbers 1, 2 or 3. That to determine which group of legislative districts shall be designated as "First Group," "Second Group" or "Third Group" for the purposes of establishing the terms of senators to be elected from each group, the Secretary of State shall draw one card at random from three cards bearing the numbers 1, 2 and 3 and then shall draw one card at random from the two remaining cards. The first number so drawn shall be the first number of the "First Group." The second number so drawn shall be the first number of the "Second Group," and the number of the remaining card shall be the first number of the "Third

Group." The Act further provides that the senators from the "First Group" districts shall be elected in 1972 and 1976 for four years and in 1980 for two years; senators from "Second Group" districts shall be elected in 1972 for four years, in 1976 for two years and in 1978 for four years; and senators from "Third Group" districts shall be elected in 1972 for two years and in 1976 and 1978 for four years. The effective date of this act was November 24, 1971. The drawing was held as provided in the Act.

Petitioners reside in a district which as a result of the drawing elected its senator for a four-year term. This action was brought as a class action by petitioner Pierce as a potential candidate for senator and by petitioner Stewart as a registered voter and supporter of Pierce's candidacy, on behalf of themselves and all others similarly situated in all districts which elected senators for four-year terms in 1972. Petitioners contend that elections for senator must be held in all legislative districts in 1974.

Petitioners argue that having held in *Grivetti* that the Legislative Redistricting Commission which established the redistricting plan under attack in that case had neither *de facto* nor *de jure* existence, it would be inconsistent to hold that only one third of those senators elected in 1972 must face re-election in 1974. The act referred to above provides that the drawing to determine the terms for which senators are elected in each group of districts shall be held "as soon as practicable after each redistricting finalized according to law." (Ill. Rev. Stat., 1972 Supp., ch. 46, par. 813.) Consequently, the petitioners argue, to hold that some senators elected in 1972 were elected to staggered terms would be to validate the work of the illegally constituted Legislative Redistricting Commission. Petitioners argued that since the redistricting plan in existence at the time of the drawing was later declared ineffective in *Grivetti,* it had never been "finalized according to law" as required by the statute and the drawing conducted by the Secretary of State pursuant to statute was consequently ineffective.

Section 2(a) of article IV of our constitution provides that the senators shall be elected for staggered terms, and the constitutional scheme for the staggered terms is designed so that the terms of all senators will expire the year after the year following the next Federal decennial census. In this manner the first election following the decennial census will reflect any changes in districts required by shifts in population to conform with the requirements of the "one man—one vote" principle. Section 3(b) of article IV provides that an approved redistricting plan filed with the Secretary of State "shall be presumed valid, shall have the force and effect of law and shall be published promptly by the Secretary of State."

On the effective date of the act implementing the constitutional provision for staggered terms and the drawing held pursuant to that act, this court had not announced its decision in *Grivetti*. The redistricting plan that had been filed with the Secretary of State by the Legislative Redistricting Commission, under the Constitution was presumed valid and had the force and effect of law. Our subsequent holding in *Grivetti* found no constitutional infirmity in the redistricting plan. Our holding in that case that the Commission was not properly constituted did not affect the validity of the act which provided for the election of senators for staggered terms. We do not consider this act so interrelated with and dependent upon the redistricting plan created by the Legislative Redistricting Commission as to require a holding that the Act must fall with the plan. The Act sought to accomplish an object separate and distinct from that sought to be accomplished by the Legislative Redistricting Commission. See *Jackson v. Blair,* 298 Ill. 605, 609; *People ex rel. Engle v. Kerner,* 32 Ill.2d 212.

If there would have been a compelling reason to require that all senators elected in 1972 should be elected for only a two-year term, we could have so held in *Grivetti*. We did not do so and senators from two groups of districts were elected by the voters for four-year terms.

These senators are *de jure* officers having been legally elected under a valid statute from districts which comply with constitutional requirements. The petitioners have shown us no reason why the terms of these senators should now be shortened.

If this court were to hold that all districts must elect senators in 1974, it would also be necessary to design a plan for staggered terms contrary to that provided in section 2(a) of article IV of the Constitution. Otherwise, the terms of all senators would not expire in 1982, at which time, under the constitutional provision, elections must be held pursuant to a new redistricting plan. Since we found in *Grivetti* that the redistricting plan complied with both the Federal and State constitutions, there is no reason for setting aside the constitutional scheme for staggered terms for senators which has been implemented by the legislature and substituting one designed by the court. This would be, under the circumstances, an undue and unnecessary encroachment upon a domain reserved to the legislature by our constitution. See *People ex rel. Engle v. Kerner,* 33 Ill.2d 11, 14.

For the reasons stated in this opinion, we reject the petitioners' contention that senators must be elected in all legislative districts in 1974. We hold that the terms of senators elected in 1972 are determined by the provisions of Public Act 77—1701 (Ill. Rev. Stat., 1972 Supp., ch. 46, pars. 811-813) and the drawing conducted by the Secretary of State pursuant to the provisions of that statute. The judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*